ROBINSON
v.
MARNEY.

---

ROBINSON and Others *v.* MARNEY and Others..

A person wishing to avail himself of the provisions of the statute giving to mechanics a lien on buildings, must file in the recorder's office of the proper county, within sixty days after the debt becomes due, notice of his intention to hold a lien on the property for the amount due him.

If in a contract for the sale of goods, no time be given for payment, the law implies a contract to pay for them on delivery.

APPEAL from the *Knox* Circuit Court.                    *Wednesday, June 3.*

SULLIVAN, J.—The appellees filed a bill in the *Knox* Circuit Court, to enforce a lien which they claimed for work and labour done, and materials found, in repairing a building in the borough of *Vincennes.*  The bill states that *Marney* performed labour as a carpenter on said building, at the request

May Term, 1840.

ROBINSON
v.
MARNEY.

of the owner, to the amount of 225 dollars and 33 cents; that *Samuel Judah* furnished materials of the value of 20 dollars and 19 cents; and *Judah, Harper, & Co.*, materials worth 112 dollars and 28 cents. It appears that the carpenters's work was completed about the first of *May*, 1837, that the materials furnished by *Judah* were sold between the 26th of *August* and 6th of *November*, 1837, and those by *Judah, Harper, & Co.*, between the 16th of *August* and 1st of *December*, 1837. On the 19th of *June*, 1838, the complainants respectively filed, in the recorder's office of *Knox* county, notice of their intention to hold a lien upon the property for the amount due them as above stated. The answers admit the carpenter's work to have been performed as charged; they also admit the materials to have been furnished, but deny that the complainants, by whom they were furnished, gave notice of their intention to hold a lien upon the building, according to the statute.

The cause was submitted to the Court on bill, answers, and exhibits; and decrees in favour of the complainants were entered according to the prayer of the bill.

Several points have been made by the appellants, but the only one to which we think it necessary to direct our attention, is the one insisted on by the defendants in their answers, that is, that notice of the complainants' intention to enforce their lien was not filed in the recorder's office *within the time* required by the statute. That was not done in the present case by two of the complaining parties. The statute requires that all persons, wishing to avail themselves of its provisions, " shall file in the recorder's office of the proper county, *within sixty days after the debt becomes due*, notice of their intention to hold a lien upon the property for the amount due," &c. The materials purchased from *Judah* were bought more than seven months, and those from *Judah, Harper, & Co.*, more than six months, before the notice was filed. The materials were not sold on a credit;—if they had been, the time given would have formed a part of the contract, and the debt would not have become due until the expiration of that time. But not being so sold, the price was due presently and might have been immediately enforced. Where, in a contract for the sale of goods, no time is given for payment, the law implies a contract to pay for them on delivery. The

debt, then, having become due on the delivery of the mate-
rials, the notice should have been filed within sixty days from
that time.

The notice filed by *Marney* was according to the provi-
sions of the statute.

*Per Curiam.*—The decree in favour of *Marney* is affirmed
with costs; and the decree in favour of the other com-
plainants is reversed with costs. Cause remanded, &c.

*C. Fletcher* and *O. Butler*, for the appellants.

*S. Judah*, for the appellees.