Sullivan, J.
JR. and JR. Springer filed a bill in chancery against McKinney on a contract by which they undertook to find the materials and build a house for the latter in the town of Greensburg. The bill states that, by the terms of the contract, the complainants were to erect the house on a certain foundation then prepared for it, which McKinney represented to be fifty by thirty-two feet, and they were to complete the building on or before the 1st of August, 1838; in consideration of which, McKinney was to convey to them, by a good and sufficient warranty deed, on or before the said 1st of August, 1838, a lot of ground, with the improvements, &c., in the same town of Greensburg. He agreed also to put them into immediate possession of the same, which the bill admits was accordingly done. It states that, at the time the contract was entered into, McKinney falsely and fraudulently represented to the complainants that he had a good and unincumbered title to the lot so to be conveyed for their labour and materials, when in truth his title was not clear, but was incumbered with heavy judgments ; that they erected the walls of said building, inclosed the same, and did a great portion of the carpenter’s work before they were informed of the incumbrances upon said lot; that they expended a large sum of money in and about said building, and did not stop the work until it became generally known in Greensburg that McKinney had no good title to said lot, and they had reason to believe that he would not be able to comply with his contract, or in any way to pay them for their labour and materials; that having expended all their capital, &o., they were not able further to employ workmen, &c., and were unable «to complete said building within the time specified in the contract; that they were deceived by McKinney in the size of the foundation of said house, the same being considerably larger than was represented by him. The bill further states that after the 1st of August, 1838, the day on which the building was to have been completed, the complainants procured the means of prosecuting the work, and, by and with the consent of McKinney, proceeded to finish the same, and would *551 have completed the building if he had not prevented them; that they are ready and willing to complete it, and *have repeatedly offered to do so, but McKinney refuses, &c.; that he has commenced an action of ejectment against them in-the Decatur Circuit Court, to recover the possession of the lot which was to have been conveyed to them as aforesaid, &c. The prayer of the bill is, that the complainants may have a lien on the building erected by them for the amount of their labour and materials, and for general relief; and that defendant be enjoined from proceeding in his action of ejectment.
A demurrer to the bill was overruled, whereupon the defendant answered. The answer admitted the special contract as set forth, but denied every other material allegation in the bill. It avers that the defendant has, a good title to said lot, &c.; that complainants of their own wrong and without any good cause abandoned the work and failed to perform their contract; it denies that complainants worked on said building after the, 1st of August, 1838, with defendant’s consent, &c.
The facts of the case are spread upon the record in the form of a special verdict, found by a jury impanneled by consent of parties. They are substantially as follows, viz.: That the title to the lot of ground, which was to be conveyed by McKinney to the complainants for their labour and materials, was in McKinney on the 1st of August, 1838, but that it was incumbered with judgments against him as charged; that the work done and materials found by the complainants for the defendant were worth $1,352.17, but that the building was not completed by the complainants on the 1st of August, 1838, according to the terms of the contract; and that it was the fault of the complainants, and “ of their own wrong,” that it was not completed; and that McKinney sustained damage to the amount of $45 by the failure; that the materials used in the building were not of the quality required by the contract; and that the work was not done in a workman-like manner, nor according to the contract; and that it would require $625 to finish the building. The jury further found that the f'oim- *552 dation, on which the building was erected, was larger than McKinney represented it to be; and that the coin-plainants did perform work on the building, *after the time specified for its completion, with, his knowledge and consent.
On a subsequent day depositions were taken, which went further to prove that the complainants worked on the building, with the defendant’s consent, after the 1st of August, 1838; and that the work was stopped by his interference fin account of the imperfection of the workmanship.
The Court decreed that the complainants had a lien on the lot named in the contract, and directed the same to be sold; that $1,200 be paid to complainants, &c. From that decree the defendant appealed to this Court.
We do not think it necessary to discuss the merits of the controversy between the parties at this time; indeed, we think it would be premature to do so. A preliminary question presents itself; and that is, whether the complainants’ case is such that they are entitled to relief in a Court of chancery?
If it be said that this bill was filed under the act “ giving to mechanics a lien upon buildings,” R. S., 1838, p, 412, it may be replied that the requisites of that statute, such for example as commencing the suX within one year, or filing in the recorder’s office of the county due notice of the intention of the complainants to hold a lieu upon the building, were not complied with; and that, therefore, they are not entitled to the remedy given by that statute. But the bill was not placed on the statute at the hearing in the Circuit Court, nor is it attempted to be maintained here as coming within its provisions.
We do not perceive any ground upon which a Court of chancery can grant relief to the complainants on the facts of this case. If they were justifiable in discontinuing operations on the building previously to the 1st of August, 1838, from a belief that the lot which they were to receive in payment of their services was incumbered in the hands of the defendant, or that he could not make to them a good title for it at the *553 time named in the contract, a Court of law is competent to give them ample remuneration for their labour and materials. Their right to discontinue, if they had such a right, depends upon fixed, legal principles, and which Courts of law are known every day to recognize and assert. Or, if *the building was not completed at the day named, and the parties, either expressly or impliedly, waived the time at which it was to be completed, and the complainants proceeded with the work after the day, by and with the consent of the defendant, and were prevented from completing it by the act of the defendant, a Court of law is also competent to afford an adequate remedy. But if the complainants failed entirely to fulfil their part of the contract without any fault on the part of the defendant, and the contract remains in' full force, we know of no principle which will enable them to obtain, in a Court of chancery, that which is denied them in a Court of law.
T. A. Howard and P. Sweetser, for the appellant.
G. H. Dunn and J. Dumont for the appellees.
The question in this case is one of a purely legal character, and depends for its settlement upon well established principles of law. There is nothing in the case that requires the interposition of a Court of chancery. It is not a bill for a specific performance, nor is it a bill to rescind the contract; on the contrary, it seeks to recover from the defendant the value of the work done by the complainants, in the nature of a quantum meruit. When a cause depends entirely on the solution of a legal question, the proper tribunal for the 'determination of that question is a Court of law.
Per Ouriam.—The decree is reversed with costs. Cause remanded, &c.