May Term, 1844.

GOBLE
v.
GALE.

---

GOBLE *v.* GALE and Another.

A dormant partner need not be joined in a bill in equity to enforce a contract against a person who dealt only with the ostensible partner.

A mechanic's lien for work done is not waived by taking his employer's note for the money due for the work, and giving a receipt in full for such money, the note not being paid.

Where a mechanic gives credit for work done, notice of his intention to hold a lien may be filed in the recorder's office within sixty days from the time the credit expired.

*Thursday, July 18.*

ERROR to the *Jefferson* Circuit Court.

DEWEY, J.—This was a bill in equity to enforce a mechanic's lien against certain real property. It appears by the pleadings, exhibits, and depositions, that the complainant, *Goble*, contracted with *Gale*, one of the defendants, to build for him a dwelling-house on certain premises. The work was completed on the 24th of *June*, 1841 ; and *Gale* then executed to *Goble* several promissory notes for the money due on the building contract, and *Goble* gave *Gale* a receipt in full for it. One of the notes, and the only one unpaid when the bill was filed, was for 97 dollars and 50 cents, payable nine months after date. On the day of the maturity of this note, that is, on the 24th of *February*, 1842, *Goble* filed in the office of the recorder of deeds, notice of his intention to hold a lien on the dwelling-house erected by him, and on the ground on which it stood. On the 7th of *September*, 1841, *Gale*, being indebted to *Twining*, the other defendant, in the sum of 1,700 dollars, mortgaged the premises to him to secure that sum, *Twining* having no knowledge of the lien claimed by *Goble*. The

mortgage was filed for record *February* 2d, 1842. *Goble*, at the time of making the contract to build the house, and at the time of filing the bill, had a dormant partner, one *Dutton;* but the contract was made by *Goble* in his own name exclusively, and *Gale* knew nothing of the partnership. The bill was filed in *May*, 1842. The Circuit Court, on the final hearing of the cause, dismissed the bill for want of equity, and decreed costs against the complainant.

The statute on which the bill is founded gives mechanics a lien on buildings constructed or repaired by them ; requires any one wishing to avail himself of its provisions, ".to file in the office of the recorder of the proper county, within sixty days after the debt becomes due, notice of his intention to hold a lien on the property for the amount claimed to be due," &c. ; and provides that the bill to enforce the lien shall be filed within one year from the time of completing the work. R. S. 1838, pp. 412, 413.

It is contended that the bill cannot be sustained for the want of proper parties, the omission to join *Dutton*, the dormant partner of *Goble*, as a complainant, being fatal. This objection cannot be sustained. In common law suits it is settled, that a person contracting exclusively in his own name, though he have a dormant partner interested in the contract, need not join such partner in a suit on the contract. 1 Chitt. Pl. 13.—Coll. on Part. 393. And we conceive the law to be the same in equity. Story's Eq. Pl. 157, note. *Hawley* v. *Cramer*, 4 Cowen, 717.

It is also contended that *Goble* waived his lien by taking *Gale's* notes, and giving him a receipt in full for the money due for building the house. We think otherwise. A vendor's lien is not extinguished by taking the purchaser's obligation for the purchase-money. 2 Sugd. pp. 57, 58.—*Boon* v. *Murphy*, 6 Blackf. 272. Nor does the vendor's receipt for the purchase-money indorsed on the conveyance affect the lien, provided the land conveyed be not actually paid for. *Coppin* v. *Coppin*, 2 P. Wms. 291. The taking the notes and giving the receipt in the present case can have no greater effect. They are not, in contemplation of law, evidence that *Goble* waived his lien ; and in the absence of evidence of such intention the lien holds good.

Another objection has been urged to the sufficiency of the bill. It is alleged that *Goble* forfeited his lien by not giving timely notice, under the statute, of his intention of enforcing it. This objection is founded upon the supposition that the sixty days, within which the act requires the notice to be given in the recorder's office, must date from the time of the completion of the mechanic's work, and not from the time when the money due him shall be payable after the expiration of a credit given. This is not an open question. We decided in the case of *Robinson et al.* v. *Marney et al.*, 5 Blackf. 329, that, when a credit is given, the money for materials furnished is not due, in the contemplation of the statute, until the expiration of the credit; and that giving the notice within sixty days from that time is sufficient. *Goble* filed notice of his intention to rely upon his lien on the day *Gale's* note for a part of the money due on the building contract became payable, and of course preserved his lien. *Twining*, consequently, took his mortgage of the premises in question subject to *Goble's* incumbrance.

We think the Circuit Court erred in dismissing the bill. There should have been a decree in favour of the complainant.

*Per Curiam.*—The decree is reversed with costs. And this Court, finding the sum of 111 dollars and 37 cents to be due from *Gale* to *Goble*, for which the latter holds a lien on the premises mentioned in the bill, will, unless *Gale* or *Twining* pay said sum with interest, and the costs of this suit in the Court below and in this Court, to the clerk of this Court, on or before the first day of the next term thereof, decree that the premises be sold to satisfy said sum, interest, and costs.

*J. Morrison*, for the plaintiff.

*S. C. Stevens*, for the defendants.