Greene & Brothers *v.* Ely.

## GREENE & BROTHERS *v.* ELY.*

The statute in relation to mechanic's liens should be strictly pursued.

A petition describing the property and stating the nature of the indebtedness is not sufficient; it should be accompanied with a bill of particulars of the materials or labor furnished.

The acceptance of a note is not a relinquishment of a mechanic's lien, unless it appears to have been intended as a waiver of the lien.

### *Error to Linn District Court.*

*Opinion by* KINNEY, J.   Greene & Brothers filed their petition for a mechanic's lien, under the statute setting forth, that Alexander L. Ely in his life time was seized in fee simple of a certain tract or lot of land situate in the town of Cedar Rapids in said county, and known as lots 4 and 5, in fractional block 3; and that said Ely in his life time, did contract on the 16th day of Feb., 1848, with petitioners for a large amount of materials, work and labor, which was done, delivered and performed by petitioners for said Ely, for the purpose of erecting a flouring mill on the lots of land aforesaid, and that in pursuance of said contract, said materials, work and labor were furnished for the said Ely, for the erection of said mill. The petition further states, that said Ely in his life time accounted to and with the petitioners for the work, labor and materials furnished as aforesaid, for the erection of said flouring mill and upon such accounting, there was found to be due petitioners, the sum of one thousand three hundred and twenty seven dollars and ninety four cents, and that the said Alexander L. Ely on the 16th day of February, 1848, executed and delivered to petitioners his certain promissory note for the above sum, as a balance due them for the labor and materials as aforesaid, which said note was due one day from the date thereof, and a copy of the same filed and made part of the petition.

The petition contains the usual prayer for the adminis-

* GREENE, J. took no part in deciding this case and that of *Mix* v. *Ely.*

trator to be a party, &c., and a prayer for judgment and a mechanic's lien on the lots of land and flouring mill erected thereon, and for all the benefits of an act entitled "an act relative to mechanic's liens and other purposes," approved, 13th February, 1843.

The copy of the note, as set out in the petition, reads as follows:

" $1327,94

One day after date, I promise to pay Greene & Brothers or order, the sum of one thousand three hundred and twenty seven dollars and ninety four cents with interest at the rate of ten per cent., for value received; it being the balance due said Greene & Brothers on settlement for material, and for paying for work on my flouring mill at Cedar Rapids.                     ALEXANDER L. ELY.

February 16th, 1848."

A precipie was filed with the petition, requiring the clerk to issue a summons and indorse thereon, "*Action brought for Mechanic's Lien.*"

A special demurrer was filed by the defendant to the petition, assigning for cause among other things, that no person as heir or devisee of said Alexander L. Ely, and no person as his widow and who are interested in the real estate of said deceased, is made party to said suit. The court sustained the demurrer, whereupon the petitioners asked and obtained leave to amend their petition.

An amended petition was then filed, making the widow and heirs of the deceased, parties and setting forth more in detail the alleged facts connected with the furnishing of labor and materials for the erection of said mill.

The defendants demurred to the amended petition, and assigned for special cause of demurrer:

1. That no contract was set forth within the meaning of the statute.

2. It is not alleged, that said work and labour and materials were furnished by virtue of any contract within the true intent and meaning of the statute.

3. No bill of particulars of work, labor and material is given.

4. That the note of which a copy is filed and upon which the petition is based, is not sufficient to sustain the same.

5. Said petition does not show what, and what amount of work, labor and materials respectively, or collectively was contracted for.

6. That a prommissory note was taken in payment.

This demurrer was sustained by the couit, and the said petition in law deemed insufficient to enable the petitioners to recover thereon.

This decision of the court we think correct. The third specification of demurrer is well assigned. The statute in relation to mechanic's liens being in derogation of the common law, should be strictly complied with. Unless those entitled to the lien created by the statute, come within its provisions, they cannot obtain the aid for which it was enacted. The lien is purely statutory, and the manner of enforcing it clearly defined, and while such a statute should receive a construction so as to make it effective, and accomplish the object the legislature had in view, still an essential departure from its plain and obvious requirements will be fatal to those who attempt to enforce it. *Rev. Stat.* 381, § 2, among other things provides, that if an action to enforce a lien shall be commenced in the district court it shall be by bill or petition describing with common certainty, the tract of land, town lot, building, mill or machinery upon which said lien is intended to be made to operate, and also the nature of the contract or indebtedness, *with a bill of particulars of his account.* It is not sufficient to file a petition describing the property and nature of the indebtedness, but a bill of particulars with specific items of materials or labor furnished or both as the case may be, must accompany the petition.

This being required, a compliance is as necessary before the petitioner is entitled to his lien, as the observance of any other provision pointed out by the statute.

But it was said in the agument, that a copy of the note

Greene & Brothers *v.* Ely.

filed with the petition, was a sufficient bill of particulars. For the mere purpose of collecting a debt, a note given in settlement of items of indebtedness, obviates the necessity of any bill of particulars. The items have become merged in the note, and the payor by executing the note acknowledges the correctness of all the charges. But notwithstanding this, a note is not a bill of particulars, neither can it take the place of it, when the statute demands the bill to be filed. Judgment could be obtained upon the note without the bill of particulars, but when the petitioner asks to have certain property held by virtue of a special lien provided by statute, it then becomes important for the defendant to know the items upon which he predicates his lien, and for the court before they can allow the lien, to ascertain whether the indebtedness for which the lien is sought, is made up of such items, and accrued upon such contract as will justify the court under the statute in granting the lien.

But we deem it unnecessary, to show further the utility of a bill of particulars in all cases of petitions under the act. The statute in express terms requires it, and it is the duty of courts to declare and enforce the law as it exists.

But it was further said in the argument, that the note itself sufficiently designates the character of the indebtedness to enable the plaintiffs to obtain a lien. We do not think so. Upon the other hand, the note to some extent, is evidence against the petitioners, and proves that they are not entitled to a lien for a portion of the amount for which it was given. § 1 of the *Rev. Stat.* p. 380, provides that in all cases hereafter, when any contract shall be made between the owner of any tract of land or town lot, or the lessee of any tract of land or town lot with the owner's knowledge or consent on the one part, and any person on the other part, for the erecting or repairing any house or other building, mill or machinery, or their appurtenances, or for *furnishing* labor or materials for the purposes aforesaid, and every person who may have furnished materials which may have been used in the construction of such

house, building or mill by agreement, the persons who shall in pursuance of such contract, have furnished labor or materials for such purposes shall have a lien, &c.

The statute gives the right to the lien, to the following persons: *First*, Those who shall enter into a contract with the owner of any tract of land or town lot, to erect or repair any house, building or machinery. *Second*, Those who contract for a like purpose with the lessee of any tract of land or town lot, with the owner's knowledge or consent. *Third*, Those who furnish labor or materials for the purpose of erecting or repairing such buildings, mill or machinery, &c.; and *Fourth*, Those who may have furnished materials which may have been used in the construction of such buildings, &c. These are the only persons provided for, and an individual is only entitled to the benefits of the statute, by exhibiting an indebtedness which falls within some of the above provisions. The note relied upon in this case, is given for a balance due said Greene & Brothers on settlement for materials and for *paying* for work on the flouring mill. The statute does not extend to those who pay for work or materials, but to such as furnish them. In the former case, the credit is given to the man, in the latter the creditor looks to the building.

As the *nature* of the indebtedness provided for by statute is clearly defined, it follows that a lien can only be acquired upon such indebtedness as is therein specified, and as there is no provision for a lien in favor of those who pay for labor, that portion of the note proves upon its face that the petitioners were not entitled to the benefit of the statute to the extent of their demand.

It was argued at some length on the trial of this cause, that the petitioners were barred from asserting a lien in consequence of having received a promissory note on settlement. We do not think so. In case of *Goble* v. *Gale*, 7 Blackf. 218, it was held, that a mechanic's lien for work done was not waived by taking his employer's note for the money due for the work, and in giving a receipt in full for such money the note not being paid, and that in ab-

sence of proof to show that the taking of the note was intended as a waiver of the lien, the lien would still hold good. Although we are aware, that a different doctrine is to be found in the decisions upon this subject, yet we believe this to be correct. and fully sustained by sound reason. Why should not a mechanic be as much entitled to his lien after taking a note, as a vender after receiving an obligation for the purchase money? If the note does not extinguish the lien in the latter case, by parity of reasoning it ought not in the former.

This we deemed it necessary to say on this last proposition in support of the right to recover, but as the petitioners did not comply with the statute by filing a bill of particulars, and as the note on which they predicated their right to a lien was evidence against them to defeat such lien to the amount claimed, the demurrer was correctly sustained and the judgment of the court is therefore affirmed.

Judgment affirmed.

*Hempstead* and *Burt*, and *I. M. Preston*, for plaintiffs in error.

*W. G. Woodward* and *Wm. Smyth*, for defendant.