GREEN *v.* GREEN and Another.

GREEN
v.
GREEN.

The lien of a mechanic for work done, or materials furnished, in the construction of a house, is not acquired, that is, does not attach, until notice of the intention to hold the lien is filed in the recorder's office of the proper county.

APPEAL from the *Lagrange* Common Pleas.        *Wednesday, June 5.*

HANNA, J.—Suit on a note, and to foreclose a mortgage. One, *Monger*, was admitted to defend. He set up that in *September*, 1859, he had a lien on the premises held by this mortgage, for materials furnished and work done on a house; and that on *November* 2 he filed the same in the recorder's office, and procured a judgment, upon which said lands were sold, and he became the purchaser thereof. The mortgage was admitted to have been executed and recorded in *October* of the same year.

On the trial, the record and deed in the case of *Monger* against *Green* was given in evidence. There was also evidence that the house built by said *Monger* was on the same land mortgaged, and that it was completed about *September* 4, 1859. There was no evidence as to the amount due *Monger*, for which he claimed a lien, nor of his notice of lien and the recording thereof, other than as contained in said record of said suit. The plaintiff in the mortgage suit is not shown to have been a party to, or to have had notice of, that suit.

The finding was against the plaintiff. Was the evidence sufficient? The solution of this inquiry depends upon the construction to be given to the statute upon the subject of mechanics' liens.

The first section of that statute declares, that for materials furnished and work done, in certain instances, there may be a lien. The force that should be given to these words, "may be," depends somewhat upon the context. By looking into other portions of the same statute, we find that it is provided that a lien may be acquired by filing a notice in the recorder's office. It would appear then, that the mere fact that materials are furnished, or work done, does not alone constitute a lien; but that the party must, by the notice so filed, declare his

May Term, 1861.

intention of holding a lien on the building, &c., so constructed. The party may give this notice at any time when he is prepared so to do, not outside of sixty days after he has completed the building. The lien is then "acquired," 2. R. S., p. 182; which we construe to mean, attaches from that time. Under this view, the evidence was insufficient. The mortgage lien was the oldest.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*R. Parrett,* for the appellant.