Nov. Term,
1861.

MILLIKIN
v.
ARMSTRONG.

---

MILLIKIN and Another *v.* ARMSTRONG and Others.

The lien of a mechanic for work done or materials furnished in the construction of a house, only takes effect from the time of filing his notice in the recorder's office.

Fixtures used in, and attached to, a building used for manufacturing purposes, will pass by a mortgage of the freehold.

Whether a mechanic's lien, like a vendor's, would be waived by taking collateral security, is regarded as doubtful; but certainly the taking of the note of the debtors, in their co-partnership name, indorsed by some of them individually, would not waive the lien, as no additional security would be acquired.

*Thursday,*
*December 12.*

APPEAL from the *Jefferson* Circuit Court.

WORDEN, J.—Complaint by *George* and *Henry H. Armstrong*, against *O'Neal Bayley*, *James S. Irwin* and *Charles*

*E. Douglas*, partners, doing business under the name and style of *The Madison Starch Co.*, to enforce a mechanic's lien upon certain premises described and called the *Madison Starch Factory*. In addition to the above named defendants, *Robert B. Millikin* and *Benjamin J. Adams*, the appellants herein, and *John S.* and *Reuben E. Neal*, partners, &c., *Alexander White* and *Robert Pattie*, partners, &c., *James Davidson* and *William S. Driggs*, partners, &c., *Cochran* and *Sons*, and *Joseph Farnsworth* were made defendants.

It appears that the plaintiffs, the *Armstrongs*, acquired their lien on the premises on *August* 11, 1857, by then filing their notice in the recorder's office. On the next day, *August* 12, 1857, the said *Charles E. Douglas*, in whom the title to the premises had theretofore been, conveyed the same to said *Millikin*. From the date of the deed to *Millikin*, for the period of one year, the said *Bayley & Irwin* held the premises as tenants of *Millikin*; at the expiration of which time they surrendered the same up to him. *Millikin* executed a mortgage on the premises, bearing date *October* 20, 1857, to the said *Adams*, to secure the payment of $40.000, but it was not acknowledged until *November* 10, following, and was not recorded until the 29th of the same month.

*Adams* appeared, and by way of cross complaint asked a foreclosure of his mortgage. The other defendants, the *Neals*, *White & Pattie*, *Davidson & Driggs*, *Farnsworth*, and *Cochran & Sons*, each set up and sought the benefit of liens by them acquired upon the same premises. We understand from the brief of counsel that the claim of *Cochran & Sons* is not objected to, therefore the case as to them will be no further noticed.

The Court found in favor of the parties so setting up their liens, and that they all had priority over the mortgage of *Adams*, and ordered certain portions of the premises and fixtures to be sold, as personal property, to satisfy said liens, &c. The Court also found in favor of *Adams* the sum of $45.360, on his mortgage, and ordered the premises to be sold, &c.

The notice of the *Neals*, *White & Pattie*, *Davidson & Driggs*, and *Farnsworth*, were not filed in the recorder's office

Nov. Term.
1861.

Millikin
v.
Armstrong.

until after the mortgage of *Adams* was executed and recorded, and had not priority over the mortgage. The mortgage being recorded within the time required by law, would probably take effect as a lien from the time of its delivery, but this point need not be decided, as it was recorded before the notices of lien were filed. The lien of a mechanic, &c., only takes effect from the time of filing his notice in the recorder's office. *Green* v. *Green*, 16 Ind. 253 ; *Walters* v. *Waldo*, at the present term.

The mortgage to *Adams* conveyed to him the entire premises, including the fixtures, &c., ordered to be sold as personal property to satisfy some of the liens. *Sparks* v. *The State Bank*, 7 Blackf. 469.

The lien of the *Armstrongs* was perfected before there was any transfer of the property. The only objection made to their claim is, that they took a note signed by *Bayley*, *Irwin* and *Douglas*, in the name of the *Madison Starch Co.*, payable to *Bayley & Co.*, and by the latter indorsed to them. *Bayley & Co.*, were the same *Bayley* and *Irwin*, who composed two of the three members of the starch company. It is claimed that by this arrangement the *Armstrongs* procured additional security for the payment of their debt, and thereby waived their lien. Whether a mechanic's lien, like a vendor's, would be waived by taking collateral security, we need not decide, but the point is regarded as doubtful. The circumstances here shown would not, in our opinion, be a waiver even of a vendor's lien. By the arrangement made, the *Armstrongs* had no one bound as indorsers of the note, except those that were bound as makers, who owed the claim. No additional security was acquired, and the lien was not thereby waived.

*Per Curiam.*—That portion of the judgment which orders that the claims of the *Neals*, *White & Pattie*, *Davidson & Driggs*, and *Farnsworth*, shall have priority over the mortgage of *Adams*, and which orders any portion of the property to be sold to satisfy those claims, is reversed, at the costs of those parties. Otherwise the judgment is affirmed.

*C. E. Walker*, for the appellants.

*H. W. Harrington*, for the appellees.