## FALKNER ET AL. *v.* COLSHEAR ET AL.

MECHANIC'S LIEN.—*Recording Notice.*—Notice of intention to hold a mechanic's lien must be recorded in a book kept for that purpose. Recording the notice in the mortgage record is a nullity.

SAME.—*Married Woman.*—Where a married woman is the owner of real estate in her own right, and the proper steps have not been taken to create a mechanic's lien, in the absence of any contract made by her for the making of improvements thereon, and in the absence of evidence showing that the improvements made were necessary to the full and complete enjoyment of her separate property, neither she nor her real estate can be held liable for the making of such improvements.

APPEAL from the Ripley Circuit Court.

BUSKIRK, C. J.—This was an action by the appellees against the appellants, to enforce a mechanic's lien upon the separate real estate of Mrs. Sarah L. Falkner, for work done in the erection of a house and other buildings thereon.

Numerous errors have been assigned by the appellants, but we shall only find it necessary to examine one of them, as the motion for a new trial presents for our decision a question which is vital and decisive of the right of the plaintiffs to recover in this action.

There was issue; trial by court; finding for the plaintiffs; motion for a new trial; motion overruled; and proper exceptions. The evidence is in the record by a bill of exceptions.

The land upon which the house and other buildings were erected was owned and held as the separate property of Mrs. Falkner. The contract for the buildings was made by Chester R. Falkner with Louis L. Kelley, by which Kelley agreed to erect certain buildings for an agreed sum. There is no evidence tending to show that Mr. Falkner was acting as the agent of his wife, or that Mrs. Falkner was in any event to be liable for the sum agreed to be paid, or that any charge was to be created on her separate estate. The appellees were employed by Kelley. Falkner paid Kelley the entire amount agreed to be paid, and for some extra work. The appellees did not serve any notice on Falkner, that they intended to hold him personally liable, under section 649 of

the code, as amended by the act of March 11th, 1867. 3 Ind. Stat. 335.

It is claimed by the appellees, that Chester R. Falkner agreed to pay their wages from a certain specified time, but as no personal judgment was rendered against Falkner, no question arises in the record for our decision on this point.

Within proper time after the completion of the work, the appellees filed in the recorder's office notices of intention to hold a lien on said property. The notices were recorded in the record of mortgages. It is provided by section 650 of the code, as amended in 1867, that notice shall be filed in the recorder's office of the intention to hold a lien, and that "the recorder shall record the notice, when presented, in a book to be kept for that purpose, for which he shall receive twenty-five cents." 3 Ind. Stat. 336.

It was shown upon the trial that the recorder of said county had procured, and had in his office, at the time the notices in this case were presented, a book known as a "Mechanic's Lien Record." The recording of the notices in the mortgage record was a nullity. There can be no lien unless the notices were recorded. *Millikin* v. *Armstrong*, 17 Ind. 456, and cases there cited.

The following judgment was rendered by the court: "It is therefore considered by the court that the plaintiff, Wm. H. Colshear, recover said sum of thirty-four dollars and fifteen cents, as also his costs; that said William Stegner recover said sum of twenty-six dollars, as also his costs; and that said real estate above described be sold on an order of sale to be issued herein, as other lands are sold on execution, to satisfy said judgment, interest, and costs."

The above judgment cannot be sustained. There was no personal judgment against Chester R. Falkner, and, of course, no personal judgment could have been rendered against his wife. Mrs. Falkner was the owner, in fee, in her own right, of the real estate upon which the improvements were made. There are at least three modes in which the separate property of a married woman may be encumbered; first, by a deed in

which her husband joins; second, where she has made a contract for the erection of buildings thereon, and the proper steps have been taken to enforce a mechanic's lien; third, where a married woman has made an express contract for the making of improvements on her separate property, which improvements were necessary to the full and complete enjoyment thereof, and where it was expressly indicated by her that she intended to charge her separate property, and where the other contracting party made the contract looking to, and relying upon, such separate property.

There was no deed in which her husband joined. The proper and necessary steps were not taken to create or enforce a mechanic's lien. There was no contract made by Mrs. Falkner for the making of said improvements. There was no evidence showing that the improvements made were necessary to the full and complete enjoyment of her separate property. *Kantrowitz* v. *Prather*, 31 Ind. 92; *Lindley* v. *Cross*, 31 Ind. 106; *Hasheagen* v. *Specker*, 36 Ind. 413; *Capp* v. *Stewart*, 38 Ind. 479. The court erred in overruling the motion for a new trial.

The judgment is reversed, with costs; and the cause is remanded, with directions for further proceedings in accordance with this opinion.

*E. P. Ferris* and *H. T. Lipperd*, for appellants.

*W. D. Willson* and *T. E. Willson*, for appellees.