WILSON ET AL. *v.* HOPKINS ET AL.

MECHANIC'S LIEN.—*Filing of Notice.*—*Recording.*—A mechanic's lien, under the statute, is created by filing with the recorder of the county notice of intention to hold a lien, and not by the recording of the notice. *Falkner* v. *Colshear*, 39 Ind. 201, so far as it holds that there can be no lien unless the notice of intention is recorded, overruled.

SAME.—*Recorder.*—*Separate Book.*—By sec. 650 of the code, as amended (3 Ind. Stat. 336), the recorder is required to keep a separate book, in which he should record all notices of intention to hold mechanics' liens.

From the Porter Circuit Court.

*S. I. Anthony, F. Church* and *S. E. Perkins, Jr.,* for appellants.

*T. J. Merrifield* and *W. Johnston,* for appellees.

BUSKIRK, J.—This was an action by the appellants against the appellees, to enforce a lien for materials furnished to Shade and Wasser, and which were used in the erection of a building for appellee Hopkins, upon a lot of ground owned by him.

Shade and Wasser answered by general denial. Hopkins answered in denial and by two affirmative paragraphs. The second was, that he had paid Shade and Wasser for building his house before he received notice of the lien of appellants. The third was, that the notice of the lien was not recorded in a book called a Mechanics' Lien Record; but that the same was recorded in the mortgage record.

A demurrer was sustained to the second, and overruled as to the third paragraph.

The second paragraph of the reply was addressed to the third paragraph of the answer, and averred that the notice was filed in the recorder's office within less than sixty days from the time the materials were furnished; that the recorder did not keep a separate book for recording notices of mechanics' liens, and that such notice was recorded in the mortgage record; that subsequently, but after sixty days from furnishing said materials, the recorder procured a mechanics' lien record, and recorded said notice therein

A demurrer was sustained to the second paragraph of the reply, to which ruling the appellants excepted. The cause was tried by the court, who found against Shade and Wasser and for Hopkins. A motion for a new trial was overruled, and an exception entered.

The appellants have assigned for error the sustaining of the demurrer to the second paragraph of the reply, and the overruling of their motion for a new trial.

These assignments present but a single question, and that is, whether the filing of the notice of the lien in the office of the recorder within the proper time created a lien upon the property of Hopkins, or whether the recording of the same was also necessary to accomplish such purpose; and if recording is necessary, the further question arises, whether the recording of the notice in the mortgage record was a compliance with the statute.

It is provided in section 650 of the code, as amended by the act of March 11th, 1867, 3 Ind. Stat. 336, that "any person wishing to acquire such lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, within sixty days after the completion of the building or repairs, notice of his intention to hold a lien upon such property for the amount of his claim, specifically setting forth the amount claimed; and the recorder shall record the notice, when presented, in a book to be kept for that purpose, for which he shall receive twenty-five cents," etc.

In *Falkner* v. *Colshear*, 39 Ind. 201, the following language was used: "It was shown, upon the trial, that the recorder of said county had procured, and had in his office, at the time the notices in this case were presented, a book known as a 'Mechanic's Lien Record.' The recording of the notices in the mortgage record was a nullity. There can be no lien unless the notices were recorded. *Millikin* v. *Armstrong*, 17 Ind. 456, and cases there cited."

It is earnestly contended by counsel that the above opinion, in so far as it holds that there can be no lien unless the

notices were recorded, is in conflict with the statute and previous rulings of this court, and should be on that point overruled.

It has been held, in a number of cases, that the lien was created by filing with the recorder notice of the intention to hold a lien, and not by the recording of the same. *Robinson* v. *Marney*, 5 Blackf. 329; *M'Kinney* v. *Springer*, 6 Blackf. 511; *Goble* v. *Gale*, 7 Blackf. 218; *Green* v. *Green*, 16 Ind. 253; *Millikin* v. *Armstrong*, 17 Ind. 456; *Waldo* v. *Walters*, 17 Ind. 534; *Sharpe* v. *Clifford*, 44 Ind. 346.

The case of *Falkner* v. *Colshear, supra,* was decided without a careful consideration of the previous decisions of this court. It is in conflict with seven decisions, six of which were rendered prior to it, and one of them was rendered since.

The rulings ought to be in harmony. If we adhere to the ruling in *Falkner* v. *Colshear, supra,* we would have to overrule the seven cases above cited holding the opposite doctrine. We have concluded that we had better overrule the case of *Falkner* v. *Colshear, supra,* so far as it holds that there can be no lien unless the notice of intention is recorded.

Following the rule laid down in the above cited cases, we hold that the lien attaches from the time the notice of intention to hold a lien is filed with the recorder.

This ruling does not entirely dispense with the necessity of having the notice recorded. Section 650 expressly provides, that "the recorder shall record the notice, when presented, in a book to be kept for that purpose." We think the recorder is required to keep a separate book, in which he should record all such notices.

It is also provided by section 652, that "in such actions, all persons whose liens are recorded, as herein provided, may be made parties, and issues shall be made up, and trials had, as in other cases," etc.

We refer to the above section to show that the notice of intention should not only be filed with the recorder, but actually recorded by him, and not to decide what would be the

effect upon parties whose notices are not recorded. That question is not before us, and we decide nothing in reference thereto.

It necessarily results from what we have said, that the court below erred in following the ruling in *Falkner* v. *Colshear, supra,* and in sustaining the demurrer to the second paragraph of the reply.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to overrule the demurrer to the second paragraph of the reply, and for further proceedings in accordance with this opinion.