## GOSSETT *v.* TOLEN.

DITCHES AND DRAINS.—*Action to Collect Assessment.—Act of* 1867.—*Foundation of Action.*—In an action to enforce the collection of an assessment against a tract of land, for draining purposes, made under the act of March 11th, 1867, Acts 1867, Reg. Sess., p. 186, the assessment itself is the foundation of the action.

SAME.—*Recording Assessment.—Evidence.*—An assessment made under such act should have been recorded in the mortgage record, and not in the miscellaneous record; and therefore a certified copy of such an assessment recorded in the latter record is not competent evidence.

SAME.—*Written Causes of Action.—Copies.—Pleading.*—There are two classes of written causes of action in this State; one of which must be filed with the complaints as exhibits, and the other of which must be accurately described therein.

From the Marion Circuit Court.

*C. D. Browder*, for appellant.

*L. M. Campbell*, *R. P. Parker* and *J. B. Elam*, for appellee.

PERKINS, J.—Suit to collect and enforce the lien of an assessment of benefits accruing from the construction of a ditch.

Answer in general denial.

The cause came, by change of venue, from Hendricks to Marion county for trial.

Trial by the court; finding and decree for the plaintiff; motion for a new trial denied; motion in arrest of judgment, assigning no reason therefor, overruled, and final judgment for the plaintiff.

The reasons assigned in the motion for the new trial were as follows:

"1. The finding of the court is not sustained by sufficient evidence;

"2. The finding of the court is contrary to law;

"3. The court erred in admitting in evidence, over the objection of the defendant, a copy of the assessment, taken from Miscellaneous Record No. 2, of the recorder's

Gossett v. Tolen.

office of Hendricks county, which was dated December 7th, 1876;

"4. The court erred in admitting in evidence, over the objections of the defendant, the notice of the time and place of beginning of the appraisers in making the assessment of benefits and damages to the lands of the defendant, and served upon him and dated the 21st day of May, 1874;

"5. The court erred in permitting the plaintiff, over the objections of the defendant, to introduce evidence to prove that three disinterested freeholders of the county where the lands benefited and damaged by said ditch are situated, were appointed by the commissioners of Hendricks county to make the assessment, after the plaintiff's attorney had made his opening address, and after the defendant's attorney had closed his address to the court herein;

"6. That the court erred in admitting in evidence, over the objection of the defendant, the copy of the petition of the plaintiff, taken from the auditor's office of Hendricks county, to the county commissioners thereof, dated the 11th day of March, 1874;

"7. That the court erred in refusing to permit the defendant to introduce evidence tending to show that the ditch, as completed, was a damage to defendant's lands, rather than a benefit."

It is assigned for error in this court:

1. That the court below erred in overruling the motion for a new trial; and,

2. That that court erred in overruling the motion in arrest of judgment.

We proceed to consider the questions in the cause. It is enacted:

"Any number of persons, not less than five," interested in the construction of a ditch or drain, etc., may organize themselves into a corporation for the accomplishment of the object, and may then apply to the county commissioners for the appointment of appraisers,

etc. 1 R. S. 1876, p. 418. sec. 1. The appraisers shall make an assessment of benefits or damages, as the case may be, to each tract of land affected, etc.

Suits may be brought by the corporation to enforce the collection of such assessments. In *Dobson* v. *The Duck Pond Ditching Association*, 42 Ind. 312, which was a suit by the corporation to enforce such collection, it is said: " It is well settled, by repeated decisions of this court, that such an action as this is, is based upon the assessment, and not on the articles of association, and that the filing of such articles does not make them a part of the complaint."

The law under which the ditch mentioned in this suit was dug, Act of March 11th, 1867, authorized any person wishing to dig a ditch, which could not " be completed without affecting the lands of other persons," to procure an assessment of benefits and damages to such lands, in the manner in which the corporation mentioned might procure such assessment, and which might be collected in the mode in which such corporation might collect an assessment for such purpose. Acts 1867, Reg. Sess., p. 186.

If, therefore, it is the settled law, that, in a suit to enforce such assessment by the corporation, the assessment is the foundation of the action, the same law must govern in a suit to enforce the lien of such assessment by a private individual. Both parties in this case in fact concede this proposition.

And here it may be observed, that it does not follow, from the fact that the assessment is the foundation of the action, that it was necessary for the plaintiff to file it as an exhibit with the complaint. Section 78, p. 73, 2 R. S. 1876, provides, that, " When any pleading is founded on a written instrument, or on account, the original, or a copy thereof, must be filed with the pleading." But this provision of the statute does not embrace all causes of action that may be in writing. See, for exceptions, the notes to the above section of the statute.

There are, consequently, two classes of written causes of action in this State; one of which must be filed as exhibits severally with complaints; the other of which need not be so filed, but which must be described accurately in the complaints, as at common law in declarations, and be given in evidence on trial. They must be described accurately in complaints, that their identity may appear, and in order to avoid variances and the necessity of amendments, on their being offered in evidence on trials. See *Scott* v. *Zartman, ante,* p. 328.

It is not necessary that we should decide to which class the cause of action in this case belongs. The cause of action was here filed as an exhibit, and, whether that exhibit became a part of the complaint or not, it was necessary that it should be produced in evidence, on the trial, or an authorized substitute therefor, the general issue being pleaded, though not verified. Whatever view we take, therefore, as to the assessment being a written instrument that should be filed with the complaint, the result in this case must be the same, as will appear further on. Nor will section 80 of the code of practice, which authorizes writings purporting to be executed by one of the parties, which are the foundation of, or referred to in, any pleading, to be read in evidence on the trial against such party, affect the decision of this cause.

The trial of the case, as we have said, was had in Marion county. One of the grounds of the motion for a new trial was the admission in evidence, over the defendant's objection, of a copy of the assessment sued upon in lieu of the original, certified by the recorder of Hendricks county to have been taken from the record of said assessment contained in the Miscellaneous Record of the said recorder's office, etc. This ground of objection was pointed out to the court at the time.

The statute under which the ditch in question was dug (3 Ind. Stat. 230, sec. 6,) enacted:

"The recorder shall, upon receipt of said assessment,

record the same in his mortgage record, for which he may charge twenty-five cents for each tract of land therein described."

This is a matter governed entirely by statute; and a record made not pursuant to statute is, in law, no record.

The instrument not being legally recorded, no certified copy thereof was competent evidence. See 2 R. S. 1876, p. 150. The court erred in admitting it as such. *Falkner* v. *Colshear*, 39 Ind. 201. This case has been over-ruled as to the time of commencement of the lien, but not as to the legal recording necessary to authorize a copy of the record to be used in evidence. *Wilson* v. *Hopkins*, 51 Ind. 231.

Other errors may have occurred upon the trial, but they may not be repeated upon another.

The judgment is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.