Nov. Term, 1861.

WALDO
v.
WALTERS.

———————•◦◦•———————

WALDO and Others *v.* WALTERS and Another.

The lien of a mechanic for work done, or materials furnished, in the construction or repair of a house, &c. does not attach, that is, is not acquired, until the notice of intention to hold the lien is filed in the recorder's office of the proper county.

Saturday, December 14.

APPEAL from the *Marion* Common Pleas.

HANNA, J.—This was a proceeding, under the statute, to enforce a mechanic's lien. The appellees were the plaintiffs, and *Azel Waldo*, *Jane Waldo* and *Gustavus Schurman* were defendants. The complaint alleges these facts: In the year 1859, the plaintiffs furnished, for a new brick building on lot No. 10, in square No. 93, in the city of *Indianapolis*, 69,000

bricks. The building was in process of erection, and intended as a residence for *Azel Waldo*, and his wife, *Jane Waldo*, and the lot on which it was erected, was, at the time the bricks were furnished, the property of *Jane Waldo*. The bricks were furnished for, and used in, the building, with her consent and for her benefit, and the same were of the value of $4.50 per thousand, making an aggregate value of $310, of which *Jane Waldo* has paid $100, leaving still due and unpaid, $210. On *October* 21, 1859, the plaintiffs filed in the recorder's office of *Marion* county, within the time prescribed by the statute, notice of their intention to hold a lien on the property for the amount due as aforesaid; a copy of which notice is filed with the complaint and made a part of it. Plaintiffs aver, that on *October* 13, 1859, *Azel Waldo*, and *Jane Waldo*, his wife, conveyed said lot No. 10 to *Gustavus Schurman*, for the consideration of $1,000; and they, in fact, say that the bricks were furnished by them, and put into the building prior to the execution of the conveyance to *Schurman*.

The relief prayed is, that the lot and building be sold for the satisfaction of said lien, and for general relief, &c.

A demurrer to the complaint was filed and overruled. This presents a question upon the sufficiency thereof. It will be perceived that the sale and conveyance of the premises is alleged to have taken place before the notice of the lien was filed. It was held in *Green* v. *Green*, 16 Ind. 253, that under the peculiar phraseology of the present statute in reference to mechanics' liens, a lien does not attach, is not acquired, until notice filed, although this Court held differently, (*Goble* v. *Gale*, 7 Blackf. 218,) under a statute of such different phraseology that we could not consider it a ruling that was, to any considerable degree, binding in said case. We are now referred to the case of *Vandyne* v. *Vanness*, 1 Halst. Ch. R. (N. J.) 485. This case is not at all in point, because that statute was so different from ours; it created a lien for materials, &c. that continued, &c. for two years, but no longer, unless the claim therefor should be filed and suit commenced in six months, &c. In the case cited the Court recognizes the fact that the statute creates the lien. We think our statute does not do so, but gives a

Nov. Term, 1861.

WALDO
v.
WALTERS.

Nov. Term, lien from the time a certain act is performed, namely, filing
1861.    the notice.

THE STATE    The Court erred in overruling the demurrer to the com-
v.    plaint.
ROBB.
   *Per Curiam.*—The judgment is reversed, with costs.
Cause remanded, &c.

   *Thos. D. & R. L. Walpole*, for the appellants.
   *N. B. Taylor* and *B. K. Elliott*, for the appellees.

