Major *v.* Symmes.

------◆------

## MAJOR *v.* SYMMES.

The contracts of a married woman, in the employment by her of counsel to protect her rights and interests in connection with her property, are valid, and binding upon her, and the claims against her, arising out of such contracts, may be made a charge upon her property, and payment thereof enforced.

The clause of the statute forbidding a married woman to incumber or convey her real estate, except by deed, in which her husband shall join, relates to such direct acts of conveyance, or incumbrance, as previously required the consent of the husband to perfect.

*Semble,* that a married woman may, on general principles, bind her separate estate to pay debts contracted for the benefit thereof.

APPEAL from the *Ohio* Circuit Court.

HANNA, J.—*Symmes,* a married woman, was entitled to an interest in the real estate of a deceased relative. To secure and defend that interest, in litigation which arose among

the heirs, she employed counsel. After her interest had been set apart, this suit was instituted by counsel, to recover for services, and, she being a non-resident, a lien prayed upon said lands. Her husband was made a party defendant.

Demurrer sustained to the complaint.

It is insisted, by the appellee, that she, being a married woman, could not contract, and, therefore, could not become liable expressly, nor by implication, for the said fees.

Without pausing to discuss the question, whether or not lands, the separate property of the wife, could formerly, in equity, be charged with necessary expenditures in reference thereto, we will proceed to examine our statutes under which married women held property.

"No lands of any married woman shall be liable for the debts of her husband, but such lands, and the profits therefrom, shall be her separate property, as fully as if she was unmarried: *Provided,* that such wife shall have no power to incumber or convey such lands, except by deed, in which her husband shall join." 1 R. S., p. 321.

"All suits relative to such lands, shall be prosecuted by or against the husband and wife jointly, or, if they be separated, in the name of the wife alone; and in case of such separate suit, the husband shall not be liable for costs." *Id.*

"When a married woman is a party, her husband must be joined with her, except: *first,* when the action concerns her separate property she may sue alone; *second,* when the action is between herself and her husband, she may sue or be sued alone; but, in no case, shall she be required to sue or defend by guardian, or next friend, except she be under the age of twenty-one years.

"If a husband and wife are sued together, and the action relates to her separate property, the wife may defend in her own right; and, if her husband neglect to defend, she may defend in his right, also." 2 R. S., pp. 28 and 29.

As, under the statute, these lands were the separate

property of the wife, as well as the profits arising therefrom, as fully as if she was unmarried; and, also, as, under certain clauses of the statutes, she could sue or defend alone in actions concerning said property, it would appear to follow that, as an incident to such rights, she could employ counsel when necessary to defend her interests or protect those rights.

If there is any substantial conflict between the statutes in the first and second volumes of the Revision, in relation to her right to sue or defend alone in actions concerning such property, then that contained in the second must prevail, being of a later date.

We can very well conceive many cases that might arise, in which it might be to the interest of the husband to refuse his consent to any effort on the wife's part to protect or defend her separate property. It would seem, if, in such cases, she could make contracts, that, under the clauses quoted, she could in any instance affecting such property. If she can not make such contracts in any case, for the protection of the rights attempted to be secured by such legislation, the whole purpose of the statutes may be defeated. But, it is urged, that if she is permitted to make contracts, it will empower her to incumber her property without her husband's consent, which would be in direct contravention of the statute quoted. It is manifest that the purpose of these acts of the legislature was, in certain instances, to vest in a married woman more complete control of her separate property, and its proceeds, than she possessed without such enactments. We do not think it was the intention to abrogate or control any right or power that she possessed at the time of the passage of said statutes, in reference to the management of such property. If not, then, formerly such property could be, in equity, charged with necessary expenses incurred in regard to the same. This might be an incumbrance. We suppose the clause of the

statute forbidding incumbrances, etc., has relation to such direct acts of conveyance or incumbrance as previously required the consent of the husband to perfect. It is, in that respect, a mere continuance of his supervisory control, or oversight, of her interests. As to the management of such property, short of such conveyance or incumbrance, she can, if she desires so to do, assume sole control. It is in accordance with every day's business experience, that, in the management of as large a property as is here shown to belong to the female defendant, conflicts, in regard to legal rights, will arise, in renting and leasing, and receiving profits, in keeping up repairs, and warding off trespassers. The law must become the arbiter in those conflicts. Was it expected by our law-makers that these new-born rights could be fully enjoyed or protected without the assistance of persons other than the class of females mentioned? If farms need tilling, must she go forth to the fields alone, and without the power to employ assistance? If litigation arises, is her property to be wrested from her, or frittered away, for the want of power to engage assistance of those who might secure to her the very right about which so much interest is thus manifested by legislation?

Without going beyond the case presented, we may safely say that a contract, in the employment of counsel to protect the rights of the defendant in the property thus acquired by descent, should be considered binding. Whether a personal judgment could be made upon the same, under the statutes, we need not inquire, as it is sought, in this instance, to make the claim arising out of such contract a charge upon said land. This, we think, can be done, after due steps have been taken to ascertain the amount thereof.

That a married woman might, on general principles, bind her separate estate to pay debts contracted for the benefit thereof, see *Murray* v. *Bailer*, 3 M. and K. 209. *Owens* v. *Dickinson*, 1 Cr. and Ph. 48. 2 Atk. 69. 15 Vesey, 596.

Story's Eq. Juris., section 1387. 2 Roper on Hus. and W. 171–2. *Method. Epis. Ch.* v. *Jaques,* 3 Johns. Ch. 77. *North Amer. Coal Co.* v. *Dyett,* 7 Paige, 9. *Gardner* v. *Gardner,* 7 Paige, 112. *Curtis* v. *Engle,* 2 Sandf. Ch. 287. *Yale* v. *Dideroe,* 18 N. Y. 265. 7 B. Mon. 293. *Conway* v. *Smith,* 13 Wis. *Wooster* v. *Northrup,* 5 Wis. 245.

We have already intimated that, in our opinion, the passage of statutes intended to enlarge the rights of a married woman, perhaps, in law, certainly in equity, should not be construed to operate as a limitation on the rights she before possessed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*D. S. Major,* for the appellant.

*J. E. McDonald* and *A. L. Roache,* for the appellee.