*F. T. Hord* and *A. W. Prather*, for appellees.

---

## LINDLEY and Another *v.* CROSS and Wife.

MARRIED WOMAN.—*Separate Property.*—A married woman has, in this State, whatever power is incident to a complete holding and full enjoyment of her separate real estate, with a restriction upon her power to incumber or alienate the same.

SAME.—*Improvement of her Real Estate.*—Where an improvement made by a married woman upon her real estate is necessary and proper for a full and complete enjoyment of such real estate, she can charge her separate property with debts created in making the improvement.

SAME.—*Court's Protecting Control.*—The power of a married woman to make new improvements upon her real estate, for the purpose of preventing its abuse, is under the control of the court trying the cause involving the liability of her separate property to answer for the debts so created.

SAME.—*Pleading.—Mechanic's Lien.*—A complaint to enforce a material-man's lien, for lumber furnished to erect a dwelling house upon the separate real estate of a married woman, the portion relating to the lien showing an insufficient notice, was held bad on demurrer for want of averment that the dwelling house was necessary and proper for a full and complete enjoyment by the married woman of the real estate in question.

MECHANIC'S LIEN.—*Notice.—Reformation of.*—A notice of intention to hold a material-man's lien erroneously described the property as lots "6 and 7," the true description being "3 and 4." Suit to enforce the lien, the complaint alleging, that the ownership of the property remained unchanged; that no third person had acquired any rights that would be affected by a correction of the mistake; and that the materials furnished were the only materials of the kind ever furnished by plaintiff to defendant.

*Held*, that the notice was insufficient to create the lien, and that the court had no power to reform it.

Lindley and Another *v.* Cross and Wife.

PRACTICE.—*Fraud.*—*Resulting Trust.*—Where a conveyance of real estate, for
a valuable consideration, is made to one person, the consideration being
paid by another, for the purpose of defrauding the creditors of the latter,
such a creditor may, under the code, have a complete remedy in one action:
a judgment may be obtained against the debtor and the real estate in ques-
tion subjected to the payment of the judgment.

APPEAL from the Bartholomew Common Pleas.

GREGORY, J.—Suit by the appellants against the appellees.
The complaint is in two paragraphs. The first avers, that
Susan Cross, being the owner in fee of lots 3 and 4 in
Judd's addition to the town of Elizabethtown, in Bartholo-
mew county, undertook, with her husband, Thomas, to erect
and did erect thereon, a new building, to wit, a dwelling
house; that defendant Thomas, with the knowledge and
consent of Susan, and as her agent therefor, purchased of
the plaintiffs lumber for the building, which was furnished
and delivered under the contract by the plaintiffs to the de-
fendants, a bill of particulars of which is set forth, amounting
in the aggregate to $158.58; that the lumber was used in the
building, and became a part thereof; that prior to the expi-
ration of sixty days from the furnishing of the lumber and
the completion of the building, the plaintiffs filed a notice
in the recorder's office of Bartholomew county, intending
thereby to retain and hold a lien on the property for the
payment of the lumber so furnished; that by mistake there
was and is a misdescription in the notice, the property
being described therein as lots "6 and 7," instead of "3 and
4;" that Susan is still the owner of the property; that no
third persons have acquired any rights that would in any
way be affected by a correction of the mistake; and that
this was the only lumber ever furnished by the plaintiffs to
the defendants. A copy of the notice is made a part of the
complaint.

The second paragraph charges, that on, &c., the defendant
Thomas Cross purchased from one Oliver Judd lots 3 and
4, in Judd's addition to the town of Elizabethtown, in Bar-
tholomew county, and paid a portion of the purchase-mon-

ey therefor and gave his note for the residue, with one W. W. Leek as surety thereon, which yet remains unpaid; that said Thomas, on &c., caused Judd to convey the property to Susan, the wife of said Thomas; that the conveyance was not recorded until the 30th of July, 1866; that after the purchase the defendant Thomas undertook to and did build on said lot a new dwelling house, and said defendant, on the 1st of June, 1866, employed plaintiffs to furnish lumber, as set forth in the bill of particulars filed with the complaint, amounting to $158.58; that the defendant Thomas, to induce the plaintiffs to furnish the lumber, represented to them that he was the owner of the lots; that at the time of the contract Judd had not made a deed to any one therefor, but said Thomas held the same by title-bond; that relying on the representation and believing said Thomas to be the owner thereof, the plaintiffs furnished the lumber under the contract from the date thereof to the 27th of July, 1866, which was used in the construction of the building; that Susan Cross knew that the plaintiffs were furnishing the lumber and concealed from them the fact of her title; that the lumber was furnished with her approbation and under her encouragement; that the conveyance to Susan Cross was fraudulent and void; that said Thomas, being indebted to Judd for the residue of the purchase money, and seeking to defraud Leek, the surety, and, in case the claim could not be collected of Leek, to cheat and defraud Judd, and to cheat and defraud other creditors, and especially the plaintiffs, caused the conveyance to be executed to Susan Cross, his wife; that Thomas Cross is wholly and notoriously insolvent, having no property other than said real estate; that the conveyance to the wife was without any consideration whatever passing from her. This paragraph then charges the notice and mistake as set forth in the first.

The appellee Susan Cross filed her separate demurrers to each paragraph of the complaint. The appellee Thomas Cross also filed his separate demurrers to each paragraph of

the complaint. The demurrers were sustained, and judgment was rendered against the appellants.

The act of May 31st, 1852, touching the marriage relation and liabilities incident thereto, provides, that "no lands of any married woman shall be liable for the debts of her husband; but such lands and the profits therefrom shall be her separate property, as fully as if she was unmarried: *Provided,* That such wife shall have no power to incumber or convey such lands, except by deed, in which her husband shall join." 1 G. & H. 374, sec. 5. The power of a married woman over her lands under this provision of the statute has been the subject of frequent investigation without coming to any very satisfactory conclusion on the subject. See *Major* v. *Symmes,* 19 Ind. 117; *Cox's Adm'r* v. *Wood,* 20 Ind. 54; and *Moore* v. *McMillen,* 23 Ind. 78.

In *Kantrowitz* v. *Prather,* 6 Am. Law Reg. (N. s.) 602, this court has granted a rehearing, after much consideration, and has decided the case otherwise at this term (p. 92, *ante*).

We are satisfied that this question must be solved by a construction of our own legislation on this subject.

The section cited has in it two inconsistent provisions: one, that such lands and the profits therefrom shall be the wife's separate property as fully as if she was unmarried; and the other, that she shall have no power to incumber or convey except by deed, in which her husband shall join.

To give full force to the latter provision, the wife could do nothing with her lands except to occupy and cultivate them in person; she could make no lease; she could not contract to repair or improve them; and the first provision would amount to little or nothing.

The code provides, that "when a married woman is a party, her husband must be joined with her, except: *First.* When the action concerns her separate property, she may sue alone. *Second.* When the action is between herself and her husband, she may sue or be sued alone; but in no case shall she be required to sue or defend by guardian or next

friend, except she be under the age of twenty-one years."
2 G. & H. 41 sec. 8.

If a married woman can sue or be sued alone, in respect
to her separate property, it seems to be fair to allow her the
power of contracting for such aid as she may require in
conducting the litigation. It seems clear that the legisla-
ture intended to confer upon her the full power of enjoy-
ment, with a restriction on her power to incumber or alien-
ate. Whatever power, then, is incident to a complete hold-
ing would seem to be conferred upon her by a fair construc-
tion of the statute.

If the improvement in question was necessary and proper
for a full and complete enjoyment, then the wife could
charge her separate property with the debts created in mak-
ing it.

The first paragraph, however, is bad, for the want of
averment showing that the dwelling house was necessary
and proper for a full and complete enjoyment by the wife
of the lots in question.

The question of the power of a married woman to make
new improvements, being a power liable to abuse, must be
under the control of the court trying the case involving the
liability of her separate property to answer for the debts
created in making such improvements.

The lien of the mechanic or material-man is created by
statute, and before either can avail himself of such a lien
the statute must be complied with.

The notice charged in each paragraph of the complaint
was insufficient to create the lien, and the court had no power
to reform it.

The second paragraph is good. It shows a liability of the
husband for the debt, and that the holding of the wife is in
trust for her husband. Under the code, complete relief can
be granted. A judgment may be obtained against the hus-
band for the debt, and the lots in question subjected to the
payment of the judgment.

Judgment reversed, with costs; cause remanded, with di-

rection to overrule the demurrer to the second paragraph of the complaint, and for further proceedings.

*F. T. Hord*, for appellants.

*W. & W. W. Herod*, for appellees.