## COOK *v.* WALTON.

MARRIED WOMAN.—*Contract.*—A judgment cannot be recovered against a woman upon an employment by her, during her marriage, of an attorney to conduct a divorce proceeding for her.

APPEAL from the Tippecanoe Circuit Court.

WORDEN, C. J.—Suit by Walton against Cook. Judgment for plaintiff.

The following is the case made: Mrs. Cook, the appellant, brought an action against her then husband for a divorce, in the court of common pleas of Tippecanoe county, where the cause was tried, but the divorce was refused. Walton, the appellee, was her counsel in the cause, and rendered service therein.

He brought the present action against Mrs. Cook, to recover the value of his services in the divorce suit, which were shown to have been reasonably worth one hundred dollars, which sum he recovered.

It seems, from some matters contained in the record, that, since the trial of the divorce suit, the death of Mrs. Cook's husband has put an end to her coverture, but she is not shown to have made any promise, since she thus became freed from disability, to pay the plaintiff's fees.

The question is presented by the record whether, on the facts above stated, the plaintiff is legally entitled to recover.

It is scarcely necessary to repeat the proposition, as a general one, that the contract of a married woman is absolutely void. There is a class of cases in which she is authorized to make contracts that shall affect her property; as in uniting with her husband in the conveyance of her real estate, and the sale of her personalty with the consent of her husband. There is another class of cases, growing apparently out of the necessity of the case, in which she may make contracts in respect to her separate estate, whereby she may create a lien or charge upon such estate. *Major* v. *Symmes*, 19 Ind. 117; *Cox's Adm'r* v. *Wood*, 20

Cook *v.* Walton.

Ind. 54; *Cummings* v. *Sharpe*, 21 Ind. 331; *Kantrowitz* v. *Prather*, 31 Ind. 92; *Lindley* v. *Cross*, 31 Ind. 106.

But we are not aware of any case, either in this State or elsewhere, in which it has been held, upon common law principles, that a married woman may make a valid contract that shall bind her personally, and subject her to a personal judgment.

The divorce act does not, in terms or by any fair implication, relieve a married woman from the disability of coverture, so far as to enable her to make a contract that shall be personally binding upon her, in relation to a suit by her for a divorce, although she may bring such suit in her own name.

In *Wilson* v. *Burr*, 25 Wend. 386, it was held, that although the statute authorized a divorce suit in the name of the wife, it did not remove the common-law disability of the wife to make a contract; and that fees for services rendered her in such case could not be recovered, unless she promised to pay them subsequently to the removal of the disability.

But the law has not left a married woman powerless to provide means to prosecute or defend an action for divorce. The statute provides, that, "pending a petition for divorce, the court, or the judge thereof in vacation, may make, and by attachment enforce such orders for the disposition of the persons, property and children, of the parties as may be deemed right and proper, and such orders relative to the expenses of such suit as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof, and on decreeing a divorce in favor of the wife, or refusing one on the application of the husband, the court shall by order, to be enforced by attachment, require the husband to pay all reasonable expenses of the wife in the prosecution or defence of the petition when such divorce has been so granted or refused." 2 G. & H. 352, sec. 17.

Here it is provided that, pending the petition, the court may make such orders relative to the expenses of such suit

as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof.

Her case cannot well be efficiently prepared and impartially tried without the aid and assistance of counsel; and it seems to us to be very clear that under this provision the court may, while the cause is pending, require the husband to pay into court such sum as may reasonably enable the wife to secure and pay for the services of necessary attorneys and counsel, as well as such sum as may be otherwise necessary to secure the end proposed.

On the case made, the plaintiff could not legally recover. The judgment below is reversed, with costs.

PETTIT, J., dissents.

*E. G. Rose* and *W. C. Wilson,* for appellant.
*D. Walton,* for appellee.