### SHARPE ET AL. *v.* CLIFFORD ET UX.

PLEADING.—*Mechanic's Lien.—Arrest of Judgment.*—A complaint to enforce a mechanic s lien must show that the notice of intention to hold a lien was filed within the time required by the statute ; and in the absence of such averment, a motion in arrest of judgment will be well taken.

MARRIED WOMAN.—*Charge on Real Estate for Erecting Building.*—If a complaint to recover for work done and materials furnished, in erecting a house on the real estate of a married woman, alleges that the materials were furnished and the work was done at her special request, and that the same were necessary to the full enjoyment of the property by her, it will be inferred, after a verdict for the plaintiff, that it was proved on the trial that her contract was conscionable, that it related to the betterment of her real estate, and that it was reasonably calculated to promote that end; and the court in such case should render judgment charging the real estate with the value of such improvement.

From the Hamilton Common Pleas.

*J. W. Evans* and *R. R. Stephenson,* for appellants.

OSBORN, J.—This was an action brought by the appellants against the appellees, to enforce a mechanic's lien. An issue of fact was formed, which was tried by a jury, who returned

Sharpe *et al. v.* Clifford *et ux.*

a general verdict for the appellants, assessing their damages at eighty-five dollars, "and that they have their mechanic's lien foreclosed for that amount." A motion in arrest of judgment was sustained as to the foreclosure of the lien. Afterward the appellants moved the court for a judgment on the verdict, foreclosing the lien on the land described against the appellee Matilda, for the amount of the verdict and costs. They also moved for a judgment against the rents and profits of the land and the residence thereon, described in the complaint, authorizing them to sue out execution against such rents and profits, for the purpose of fully paying the amount of the verdict and costs, which motions were overruled. Proper exceptions were taken to the several rulings. The court then rendered a judgment for costs against the appellants, to which no exceptions were taken.

The errors assigned call in question the rulings of the court in arresting the judgment, and in overruling the motion for judgment. It is also assigned for error, that the court erred in rendering judgment for costs against them.

The complaint alleges that the appellees are indebted to the appellants in the sum of two hundred and fifty dollars for furnishing materials for, and labor performed in, the construction of a dwelling-house on a tract of land in Hamilton county, which is described; that on the 23d day of December, 1871, they filed in the recorder's office of that county a notice of their intention to hold a mechanic's lien on the land and dwelling-house, a copy of which notice was filed and made a part of the complaint; that the lien was for work and labor performed and materials furnished by them as carpenters; that the lien was duly recorded on the day named, in the record of mechanic's liens of that county. It is then stated that the materials were furnished and the work and labor performed at the special instance and request of the appellee Matilda A. Clifford, who was the wife of the other appellee and the owner of the property; and the same was necessary for the more full and complete enjoyment of the property by her.

The notice was, that they intended to hold a lien on the land described in the complaint, and on a new frame house erected thereon by them as carpenters for the appellee Matilda, and the materials for which were furnished by them; that the amount of the lien which they proposed to hold was the sum of two hundred and one dollars and thirty-one cents, the amount unpaid to them. It was dated December 23d, 1871, and signed by the appellants.

It will be observed that there is nothing in the complaint or the notice, showing when the work was done or the building completed.

"Any person wishing to acquire such lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, within sixty days after the completion of the building or repairs, notice of his intention to hold a lien upon such property for the amount of his claim, specifically setting forth the amount claimed, and the recorder shall record the notice when presented, in a book to be kept for that purpose." 2 G. & H. 299, sec. 650. The amendment to that section (3 Ind. Stat. 336) relates to the time when the lien shall commence.

It is essential to the validity of the lien that notice of the intention should be filed in the recorder's office, within sixty days after the completion of the work. Unless that is done, the lien is not acquired. *Pifer* v. *Ward*, 8 Blackf. 252; *Robinson* v. *Marney*, 5 Blackf. 329. Furnishing the materials or doing the work does not constitute the lien. That is done by filing notice of an intention to hold such lien. *Green* v. *Green*, 16 Ind. 253; *Waldo* v. *Walters*, 17 Ind. 534. The language of the statute is, "Any person wishing to acquire a lien * * * shall file in the recorder's office of the county, within sixty days after the completion of the building or repairs, notice of his intention to hold a lien." If such notice is not filed within that time, the right to a lien is lost. The allegations in the complaint in this case fail to inform us when the materials were furnished or the work done. There is no allegation touching the question whether

the notice was filed within the time required by the statute; consequently, we cannot infer that there was any proof on the subject. The rule that where a fact is alleged, though so defectively that the pleading would be demurrable, such defect may be cured by a verdict, and a motion in arrest defeated, does not apply in this case. There is no averment on the subject.

The court committed no error in arresting the judgment to foreclose or enforce the mechanic's lien.

We think the court erred in refusing to render judgment on the verdict, charging the land described in the complaint. It was alleged in the complaint that Mrs. Clifford was the wife of the other appellee; that she owned the land; that the materials were furnished and the work done at her special request, and that the same were necessary for the full enjoyment of the property by her. We will infer, after verdict, that it was proved on the trial that her contract was conscionable, that it related to the betterment of the land, and that it was reasonably calculated to promote that end.

In *Major* v. *Symmes*, 19 Ind. 117, it was held that a contract of a married woman, in the employment of counsel to protect her rights and interests in connection with her real property, is valid, and the claims arising out of such contracts may be made a charge upon the property for the amount, and payment thereof enforced against it; that the clause of the statute forbidding her to incumber her land, except by deed in which her husband shall join, has relation to such direct acts of conveyance or incumbrance as previously required the consent of the husband to perfect. That decision was made in 1862. It has never been questioned. The same construction was recognized by the court, with other judges upon the bench, in *Kantrowitz* v. *Prather*, 31 Ind. 92, in which the leading English and American authorities were reviewed, touching the legal rights of married women and their power to charge their separate property with the payment of certain debts. In *Lindley* v. *Cross*, 31 Ind. 106, the doctrine was again recognized. On page 110, the court

say: "If the improvement in question, (to her land), was necessary and proper for a full and complete enjoyment, then the wife could charge her separate property with the debts created in making it." In *Hasheagen* v. *Specker*, 36 Ind. 413, decided by the immediate successors of the judges deciding *Kantrowitz* v. *Prather* and *Lindley* v. *Cross, supra,* the same doctrine was again recognized, and again in *Hodson* v. *Davis*, 43 Ind. 258, and, also, in *Capp* v. *Stewart*, 38 Ind. 479. Other decisions have been made to the same effect, but we do not deem it necessary to cite them.

Now, whatever we may think of the correctness of the ruling in *Major* v. *Symmes, supra*, and those subsequent to it, we do not feel at liberty to overrule them. The doctrine is so well understood, and has been so long acquiesced in, that it is better for us to adhere to it. We consider the question as too well established by the decisions of this court to be disturbed.

The judgment of the said Hamilton Common Pleas is reversed, with costs. The cause is remanded, with instructions to the court below to render judgment for the appellants, ordering the sale of the real estate described in the complaint, to make the amount found in their favor by the jury, with interest thereon from the finding, with costs.