———o———

THE CITY OF CRAWFORDSVILLE *v.* BARR.

PRACTICE.—*Motion to Strike Out.—Appeal.*—The transcript on appeal must show what part of the complaint was embraced in a motion to strike out, so that the appellate court may know what words were included in the motion.

PLEADING.—*Complaint.—Mechanic's Lien.*—In an action to enforce a mechanic's lien for materials furnished, it is necessary that the complaint allege that the materials were furnished for the building sought to be charged with the lien; it is not sufficient to aver that they were furnished to the contractor or owner, and were used in the construction of the building.

SAME.—In an action to enforce a mechanic's lien for materials furnished, the complaint must aver or show that the notice of intention to hold a lien was filed within sixty days after the completion of the building.

From the Montgomery Circuit Court.

*J. E. McDonald, J. M. Butler,* and *J. M. Cowan,* for appellant.

OSBORN, J.—This was an action by the appellee to enforce a mechanic's lien. The material allegations in the complaint are, that during the month of November, 1872, Robert Alexander and Benjamin Whitsett were partners, and as such were engaged in the construction of an engine house, on part of lot 110, of the city of Crawfordsville, under a contract with the appellant, who was the owner of the part of the lot upon which they were erecting the building; that on the 7th day of November, of that year, and on other days between that time and including the 14th day of the same month, the appellee furnished to Alexander & Whitsett one hundred and thirteen thousand brick, which were used in the construction of said building; that there is due from Alexander & Whitsett four hundred and sixty-one dollars, being the balance due him for the brick so furnished and used; that on the 6th day of February, 1873, he filed his written notice in the recorder's office, giving notice of his intention to hold a lien on the property, and the improvements thereon, for the amount of his claim; that the notice was recorded on the day that it was filed " in M. L. record No. 1, page 128;" that the notice was filed with, and made a part of, the complaint. Prayer for judgment, and a foreclosure of the lien, and all proper relief.

The notice of the intention of the appellee to hold a lien, which was filed with the complaint, was dated the 6th day of February, 1873. It stated that he had furnished materials for the erection of the city engine building, then being erected on part of lot 110, on the original plat of the city of Crawfordsville, to the amount of eight hundred and sixty-one dollars, with a credit on the bill of four hundred dollars, leaving a balance of four hundred and sixty-one dollars, for which he intended to hold a lien on said part of lot 110, and the improvements situate thereon, for the payment of his claim for materials furnished from time to time to Alexander & Whitsett, contractors for the erection of the build-

ing.   On the back of the notice was the following: "Received for record February 6th, 1873, at eleven o'clock, A. M.   Recorded in M. L. Record No. 1, page 128.   T. D. Myers, R. M. Co."

The appellant filed a motion to strike out parts of the complaint.   The motion was overruled, and the appellant excepted.   We are not informed, by bill of exceptions or otherwise, what words were included in the motion to strike out.   The motion stated that they were included in lines thirty-three to fifty-seven, inclusive, in the complaint; and the reason given for the motion was, that the description of the lot was too uncertain to entitle the plaintiff to a lien, and that the complaint did not show affirmatively that the plaintiff had taken the necessary steps to entitle him to the statutory remedy for the enforcement of a mechanic's lien.

A demurrer was then filed, on the ground that the complaint did not state facts sufficient to constitute a cause of action, which was overruled, and an exception taken.   An answer was filed of two paragraphs:

1.  The general denial.

2.  Payment in full to Alexander & Whitsett before the notice of the intention to hold a lien was filed.

A demurrer was filed and sustained to the second paragraph of the answer, to which an exception was taken.   The cause was tried by the court, who found for the appellee; and, over a motion for a new trial, judgment was rendered on the finding, and for a foreclosure of the lien.

The errors assigned question the several rulings of the court.

The motion to strike out a part of the complaint is too uncertain to raise any question in this court.   We have no means of knowing what words were included in the motion. The transcript filed here does not show the lines of the original complaint.

The complaint does not aver or show that the notice was filed within sixty days after the completion of the building. The appellee finished delivering brick on the 14th day of

November, 1872. The notice was filed on the 6th of February, 1873, being more than eighty days after the brick were delivered. It is not shown when the building was completed. There is no allegation that the notice was filed within sixty days after its completion. The lien is acquired by filing the notice within sixty days after the completion of the building. Sec. 650, 2 G. & H. 299. Unless the complaint shows that the notice was filed within such time, it will be bad on demurrer. *Sharpe* v. *Clifford*, 44 Ind. 346. and authorities there cited. Nor does the complaint show that the brick were furnished for that building. The allegation is, that " this plaintiff furnished to said Alexander & Whitsett one hundred and thirteen thousand brick, which were used in the construction of said building." The language of the statute is : " Mechanics, and all persons performing labor, or furnishing materials for the construction or repair of any building," etc., "may have a lien,", etc. Where materials are furnished for a building, they are furnished on the credit of the building, and when the statute is complied with, a lien is acquired. But it is necessary to aver and prove that such materials were furnished for the building sought to be charged with the lien. It is not sufficient to aver that the materials were furnished to the contractor or owner, and that they were used in the construction of the building. The demurrer to the complaint should have been sustained.

The judgment of the said Montgomery Circuit Court is reversed, with costs. The cause is remanded, with instructions to that court to sustain the demurrer to the complaint, and for further proceedings.