## THE CITY OF CRAWFORDSVILLE v. BRUNDAGE.

SUPREME COURT.—*Practice.—Motion to Strike Out.*—The overruling of a motion to strike out part of a pleading is not available as error on appeal to the Supreme Court, where it does not appear from the record that such ruling worked injustice.

MECHANICS' LIENS.—*Personal Liability of Owner to Sub-Contractor.—Contract.*—The owner of a building erected under a contract between him and a contractor is not liable to a sub-contractor, in an action by him on account merely, for work and labor done on, and materials furnished for, such building, at the request of the contractor.

SAME.—*Action to Enforce.—Pleading.*—A complaint to enforce a mechanic's lien for the value of labor and materials, which does not aver that the labor was done, and the materials furnished, for the building against which the lien is sought, is insufficient.

SAME.—*Notice.— When Recorded.*—A notice of intention to hold a mechanic's lien upon a building must be duly recorded within sixty days after the completion of the same.

From the Montgomery Circuit Court.

*W. P. Britton* and *M. W. Bruner*, for appellant.

*S. C. Willson* and *L. B. Willson*, for appellee.

HOWK, J.—In this action, the appellee was the plaintiff, and the appellant and Benjamin Whitsett and Robert Alexander were the defendants, in the court below.

The appellee's complaint was in two paragraphs:

In the first paragraph, the appellee alleged, in substance, that on the — day of ———, 1872, the appellant employed the defendants Alexander and Whitsett to erect and finish off, for the appellant, a brick building on part of lot number 110, on the original plat of the town, now city, of Crawfordsville, then owned by and in the possession of the appellant, known as the engine-house and city hall; that the defendants Alexander and Whitsett, in the prosecution of said work, afterward, on the 1st day of October, 1872, became indebted to the appellee in the sum of two hundred and thirty-eight dollars and forty-nine cents, for work and labor on said building, and material

(stone work) furnished for, and which went into said building, in its construction, of all which a bill of particulars was filed with, and made a part of, said complaint; which indebtedness remained unpaid, except the sum of fifty-five dollars and seventy-five cents, paid by General H. B. Carrington; wherefore the appellee demanded judgment for two hundred dollars, and other proper relief.

In the second paragraph of his complaint, the appellee alleged, in substance, that "on the day and year aforesaid," at the special instance and request of the defendants Alexander and Whitsett, the appellee did do work and labor on, and furnished materials to the amount of two hundred and thirty-eight dollars and forty-nine cents, as shown by said bill of particulars, which work and labor and materials were used by them in the construction of a brick building for the appellant, on land then owned by the appellant, to wit, on part of lot number 110 on the original plat of the town (now city) of Crawfordsville, and that afterward, on the 4th day of February, 1873, the appellee made and filed with the recorder of said county, for record, a written notice of his intention to hold a lien on said premises and said building for one hundred and eighty-two dollars and seventy-four cents, the balance due him for work and labor and the materials so furnished, as shown by said bill of particulars, which notice of lien was made out, filed and recorded within sixty days of the time the appellee was to have been paid for said work and labor and materials, a copy of which notice was filed with, and made part of, said paragraph, of all which the appellant had notice; wherefore the appellee demanded judgment for the foreclosure of his said lien, etc.

The appellant moved the court below, in writing, to strike out part of the second paragraph of the appellee's complaint, which motion was overruled, and the appellant excepted. And the appellant then demurred to each paragraph of the complaint for the want of sufficient facts

therein to constitute a cause of action against the appellant, which demurrers were overruled, and to these decisions the appellant excepted.

The appellant answered, in two paragraphs, the appellee's complaint, as follows:

First. A general denial; and,

Second. An affirmative defence, to which appellee's demurrer for the want of sufficient facts was sustained, and appellant excepted.

The cause was tried by the court without a jury, and a finding made for the appellee in the sum of one hundred and eighty-two dollars and seventy-four cents, and that he was entitled to a mechanic's lien on the property described in the appellee's complaint.

Appellant's written motion for a new trial having been overruled, and an exception saved to such ruling, judgment was rendered by the court below in accordance with its finding, from which judgment the appellant alone has appealed to this court.

The following alleged errors of the court below have been assigned by the appellant in this court, to wit:

1st. In overruling the appellant's motion to strike out certain parts of the second paragraph of the appellee's complaint;

2d. In overruling the appellant's demurrers to the first and second paragraphs of appellee's complaint;

3d. In sustaining appellee's demurrer to the second paragraph of appellant's answer; and,

4th. In overruling appellant's motion for a new trial.

This court has repeatedly held, that the overruling, by the court below, of a motion to strike out a part of a pleading, is not, on appeal, an available error here. The reason assigned for such decision is, that "At most, it can but leave surplusage in the record, which does not vitiate that which is good." *Mires* v. *Alley*, 51 Ind. 507. See *House* v. *McKinney*, 54 Ind. 240. Cases may occur, in which a rigid adherence to these decisions might work hardship

or injustice; but the case at bar is not one of them. We are satisfied that no harm was done to the appellant, in this case, in overruling its motion to strike out parts of the complaint.

The first paragraph of appellee's complaint does not contain a single averment against the appellant, or the appellant's property. It alleged, that the appellant's co-defendants, Alexander and Whitsett, were indebted to the appellee for work and labor done, and materials furnished, by him under their employment, in the erection of a building on the appellant's real estate; but the appellee did not aver, in his first paragraph, that he had acquired, or attempted to acquire, in any manner, either a claim against the appellant, or a lien on the appellant's property, for the amount of said indebtedness. It needs no argument, therefore, to show that the court below erred, in overruling the appellant's demurrer to the first paragraph of the complaint.

In the second paragraph of his complaint, the appellant claimed that he had acquired a mechanic's lien on the appellant's property, and sought to enforce such lien. It was not alleged, however, in this second paragraph, that the work and labor were done, and the materials furnished, *for* the appellant's building; but the allegation was: " which work and labor and materials were used " by. said Alexander and Whitsett, in the construction of said building. This allegation was clearly insufficient. *The City of Crawfordsville* v. *Barr*, 45 Ind. 258; *The City of Crawfordsville* v. *Irwin*, 46 Ind. 438; *The City of Crawfordsville* v. *Johnson*, 51 Ind. 397; *Hill* v. *Braden*, 54 Ind. 72; and *Hill* v. *Ryan*, 54 Ind. 118.

In the 650th section of the practice act, it is provided, that any person wishing to acquire a mechanic's lien on property, whether his claim be due or not, shall file in the recorder's office of the county, " within sixty days *after the completion of the building* or repairs, notice of his intention," etc. 2 R. S. 1876, p. 268. In the case now

before us, the averment on this point was, in the second paragraph of appellee's complaint, "which notice of lien was made out, filed and recorded within sixty days of the time the appellee *was to have been paid* for said work and labor and materials." This averment does not show that the notice was filed within sixty days *after the completion* of the building; and, therefore, it was not sufficient. *Sharpe* v. *Clifford*, 44 Ind. 346; *The City of Crawfordsville* v. *Barr, supra;* and *The City of Crawfordsville* v. *Irwin, supra.*

For the reasons given, it is very clear to our minds that the court below erred, in overruling the appellant's demurrer to the second paragraph of appellee's complaint.

Our conclusions, in regard to the insufficiency of the appellee's complaint, will render it unnecessary for us to consider and decide any of the questions presented by the other alleged errors.

The judgment against the appellant is reversed, at the appellee's costs, and the cause is remanded, with instructions to the court below to sustain the appellant's demurrers to both paragraphs of the complaint, and for further proceedings.