Smith *et al. v.* Flack.

Filed April 23, 1884.

———————

No. 10,738.

SMITH ET AL. *v.* FLACK.

CONTRACT. — *City.— Construction of Sidewalks —Assignment of Estimates.— Suit Against Assignor and Assignee for Materials Furnished. — Consideration.— Rescission must be Pleaded.— Want of Consideration must be Pleaded.—Evidence.— Omission of Venue.—Demurrer.— Uncertainty.—Material Man.— Mechanic's Lien.*—S., having entered into a contract with a city to grade and pave certain sidewalks, assigned all his "interest in the estimates for" such "grading and paving," in writing, to H., who agreed therein "to receive the estimates when out and proceed to collect the same and pay all claims for material due for said work." Complaint by F. against S. and H., for material sold by F. to S. and used in said work, and alleging the making of estimates by the city engineer, their delivery to S., his delivery thereof to H., who *proceeded* to collect the same and paid part of F.'s claim, and that F. had notified H. that he, F., accepted his, H.'s, promise to pay.

*Held,* on demurrer by H., that the assignment of the estimates to H. purport a good consideration for his promise to pay.

Smith *et al. v.* Flack.

*Held*, also, that S. and H. might have rescinded the assignment, but to avail themselves thereof as a defence, they must specially plead it, and, therefore, that the complaint need not negative a rescission.

*Held*, also, that to avail themselves of want of consideration as a defence, the defendants must specially plead it, and that evidence thereof is not admissible under the general denial.

*Held*, also, that it was not necessary to allege that the plaintiff had first attempted and failed to collect the debt from S.

*Held*, also, that the omission of the complaint to state the court in which suit was brought is not presented by the demurrer.

*Held*, also, that it was not necessary to allege that the material used had been furnished *for* the sidewalks in which it was used. The material man's lien law does not apply.

*Held*, also, that, after verdict, no question is presented by the demurrer because of the failure to allege that S. had not merely *proceeded* to collect, but had collected the estimates.

SAME.—*Maintenance.—Surety's Right to Maintain Suit Against Principal.*—In such action, the defendants having answered that S. had given bond to the city, with surety, to secure payment of claims for material, that such surety had paid F.'s claim, and that F. had brought this action solely for the benefit of the surety, the plaintiff replied setting out an agreement by the surety with F., to pay him the amount of his claim, interest, costs and attorney's fees if the action was defeated, and, if successful, to pay him the amount of the fees, judgment, costs and attorney's fees.

*Held*, on demurrer, that the surety had an interest in having the action prosecuted, and, therefore, was not illegally maintaining a suit, that the plaintiff is the real party in interest, and that the reply is sufficient.

SAME.— *Joint Motion in Arrest not Available as to Separate Defendants.—Supreme Court.—Practice.*—In such action, no demurrer having been filed to the complaint by S., and there being no assignment of error questioning its sufficiency, no question as to its sufficiency against S. is presented to the Supreme Court by an alleged error in overruling a joint motion by S. and H. in arrest of judgment.

SAME.—*Amending Complaint After Trial.— Variance.*—It is not error to permit the plaintiff to so amend his complaint as to conform to the evidence, where the defendant has not been misled by the erroneous averment.

SAME.—*Pleading Rejected.—Bill of Exceptions.—Supreme Court.*—Additional pleadings were tendered for filing after issues had been fully formed, were rejected and exception taken, but no time given to prepare and file a bill of exceptions; the party complaining incorporated them at a subsequent term in a bill of exceptions containing alleged error in refusing a new trial.

*Held*, that such pleadings are not in the record.

From the Superior Court of Marion County.

*H. J. Everett,* for appellants.

*A. C. Ayres* and *E. A. Brown,* for appellee.

COLERICK, C.—This action was brought by the appellee against the appellants to recover the value of certain brick furnished to the appellant Smith, and used by him in paving certain sidewalks in the city of Indianapolis, under a contract with the city. The action was tried by the court, and resulted in a judgment against the appellants for $159.13.

The only errors assigned, that have been discussed by the appellants, are :

1. That the court erred in overruling the separate demurrer of the appellant Hammons to the complaint.

2. That the court erred in overruling the demurrer to the second paragraph of the reply to the fifth paragraph of the separate answer of Hammons.

3. That the court erred in permitting the appellee to amend his complaint on the trial of the action.

4. That the court erred in refusing to permit the appellants to file certain additional answers to the complaint.

5. That the court erred in overruling the motion for a new trial.

6. That the court erred in overruling the motion in arrest of judgment.

Under the practice of this court the errors not discussed by the appellants in their brief are to be deemed as waived by them, and, therefore, they will not be considered by us. The ones discussed will be considered in the order above presented.

The complaint was in these words :

" Joseph F. Flack complains of John W. Smith and William H. Hammons, and says that heretofore, to wit, on the 6th day of June, 1881, the defendant John W. Smith entered into certain contracts with the city of Indianapolis, the one for grading and paving with brick the south sidewalk of Michigan street from East street to Massachusetts avenue,

the other for grading and paving with brick the north side-walk of Buchanan street from East street to Greer street, and that thereafter, to wit, on the 10th day of June, 1881, said John W. Smith and his co-defendant William H. Hammons entered into a certain contract in writing, of which the following is a copy, to wit:

"'INDIANAPOLIS, IND., June 10th, 1881.

"'This is to certify that I have this day assigned to W. H. Hammons all my interest in the estimates for the grading and paving of the south sidewalk on Michigan street from Massachusetts avenue to East street; also on the north side of Buchanan street from East to Greer street, said Hammons to receive the estimates when out, and proceed to collect the same, and pay all claims for material due for said work.

"'Signed,                    J. W. SMITH.'

"That said John W. Smith delivered said contract to said Hammons, who accepted the same; and the plaintiff further shows to the court that after the assignment by said Smith to said Hammons, he, the said Smith, proceeded in the execution of his said contract to its completion; and that, in the course of his executing said contract, he purchased from this plaintiff brick, which were used in the paving of said sidewalk on Michigan street, to the number of seventeen thousand two hundred, a bill of particulars of which is filed herewith as Exhibit A; and that said Smith purchased from the plaintiff, to be used, and which were used, in said sidewalk on Buchanan street, seven thousand brick, a bill of particulars of which is filed with and made part hereof as Exhibit B; that said Smith undertook and agreed to pay this plaintiff for said brick the sum of eight dollars per thousand, to wit, the sum of one hundred and ninety-three dollars and sixty cents; and the plaintiff further shows to the court that upon the completion of said work, to wit, on the 13th day of July, 1881, said Smith procured estimates to be made by the city civil engineer, and issued to him as required by law, showing the amount due from each lot holder adjoining each of said sidewalks on

account of the construction, and delivered the same to said Hammons, who thereupon proceeded to collect the amounts due thereon, but has wholly failed, neglected and refused to pay this plaintiff for the brick so furnished by him and used in making said pavements, except as follows: On July 21st, 1881, said Hammons paid on account thereof the sum of twenty-five dollars, and thereafter, to wit, on the 5th day of August, 1881, he paid the further sum of nine dollars and forty-seven cents, leaving a balance now due this plaintiff of the sum of one hundred and fifty-nine dollars and thirteen cents; and the plaintiff further shows to the court that since the furnishing of said brick, and prior to the bringing of this action, he had notified the said Hammons that he accepted the benefit of said promise, and demanded payment of said balance, which was refused. Wherefore the plaintiff demands judgment for the sum of two hundred dollars, and all other proper relief."

By the terms of the contract set forth in the complaint, as construed by us, Hammons, in consideration of the assignment to him by Smith of the estimates therein mentioned, which was a valuable consideration, promised to pay all claims for materials used in the construction of the sidewalks specified in the contract. It is well settled by the authorities that a promise, based upon a valuable consideration, made by one person to pay the debt of another, is a valid promise that can be enforced by the person in whose favor it is made, although not a party to the agreement. *Cross* v. *Truesdale*, 28 Ind. 44; *Davis* v. *Galloway*, 30 Ind. 112; *Helms* v. *Kearns*, 40 Ind. 124; *Carter* v. *Zenblin*, 68 Ind. 436; *Fisher* v. *Wilmoth*, 68 Ind. 449; *Rinn* v. *Rhodes*, 93 Ind. 389. It is true, as asserted by the appellants, that the parties to the agreement had the right to rescind at any time before the promise of Hammons had been accepted by the persons in whose favor it was made. If the contract in this case was so rescinded, the rescission would have constituted a good defence to the action, but, in order to make it available as a

defence, it was necessary for the appellants to have specially pleaded it by way of answer. *Davis* v. *Galloway, supra.* The appellee was not required to aver in his complaint that the contract had not been rescinded, as the legal presumption existed that it was still in force. The written agreement on the part of Hammons to pay all claims for materials used in the construction of the sidewalks purported to be based on a sufficient consideration, namely, the assignment of the estimates to him; and, therefore, it was not necessary to allege in the complaint that it was so founded. *South Side, etc., Ass'n* v. *Cutler, etc., Co.,* 64 Ind. 560; *Baker* v. *Board, etc.,* 53 Ind. 497. A written instrument promising to pay money implies a consideration, and if there was none, it is for the promisor to plead and prove the fact. *Beeson* v. *Howard,* 44 Ind. 413; *Philbrooks* v. *McEwen,* 29 Ind. 347. Nothing appearing to the contrary, a contract will be presumed to be made upon a consideration, and a want of consideration must be shown by the party pleading it. *Nelson* v. *White,* 61 Ind. 139. But it can not be proven under the general denial. *Bingham* v. *Kimball,* 17 Ind. 396.

The appellants insist that the complaint was insufficient because it failed to show in what court the action was brought. Although the statute requires such statement, it is only a matter of form, and the want of it, where a cause of action is stated in the complaint, can not be reached by demurrer. See *Lowry* v. *Dutton,* 28 Ind. 473; *Goodall* v. *Mopley,* 45 Ind. 355; *Ewing* v. *Hatfield,* 17 Ind. 513.

It was averred in the complaint that the debt for which the suit was brought was due, and remained unpaid, except certain sums that had been paid thereon by Hammons. It was not necessary to aver, as claimed by the appellants, that any effort had been made to collect the money from Smith, or that any demand had been made on him for it.

It is asserted by the appellants that it was necessary to aver in the complaint that the brick furnished by the appellee were purchased by Smith *for* the streets named in the

contract, as Hammons could not be held liable for brick sold *for* any other street, and afterwards used in paving the streets named in the contract. In support of this assertion the appellants cite the cases of *City of Crawfordsville* v. *Barr*, 45 Ind. 258, and *Crawford* v. *Crockett*, 55 Ind. 220, which involved the construction of a provision of the statute relating to mechanics' liens. It was held by the court, that, to hold the property of a person liable to a lien for the value of material used by his contractor, in erecting a building thereon, the material man must have furnished it expressly for use in such building, the language of the statute being " Mechanics, and all persons performing labor, or furnishing materials *for* the construction or repair of any building," etc., " may have a lien," etc. Where materials are furnished for a building, they are furnished on the credit of the building, and when the statute is complied with a lien is acquired. *City of Crawfordsville* v. *Barr*, *supra*. These cases are not in point, or applicable to this case. The only fair construction that can be given to the terms of the contract sued upon in this case is, as we have already stated, that Hammons was to pay all claims for materials used in the construction of the side-walks. He was to have the assessments, and in consideration therefor he was to pay for the materials used in the making of the improvements.

The last objection urged by the appellants to the complaint is, that it failed to aver that the estimates had been collected by Hammons, and that the allegation therein that he had " proceeded " to collect the same was insufficient. If the averment as to the collection of the estimates by Hammons was indefinite and uncertain, as asserted by the appellants, the defect was remedied and cured by the finding of the court. As was said by this court in the case of *Pittsburgh, etc., R. W. Co.* v. *Hunt*, 71 Ind. 229, " Uncertainty in pleading can seldom be reached, even by a demurrer thereto for the want of sufficient facts; and after the verdict, whereby it may be said that such defect or objection has been cured or

obviated, it can not be made available, either in arrest or for the reversal of the judgment below.  *  *  *  For such a defect in a pleading, the appropriate remedy, under the code, is a motion, addressed to the trial court, for an order requiring the plaintiff to make his complaint or paragraph, or the particular allegation thereof, more certain and specific."

The demurrer to the complaint was properly overruled.

Did the court err in overruling the demurrer to the second paragraph of the reply? The paragraph of the answer to which it was addressed averred, in substance, that Smith had executed to the city his two bonds, with James Hudson as surety thereon, conditioned for the faithful performance of his contracts with the city for the paving of said streets, and for the payment of all materials used in the making of the improvements, and that before the commencement of this action the appellee made a full and complete settlement with Hudson of the claim sued upon, and that by the terms of the settlement, so made, Hudson agreed to pay the claim within a specified time, and that the appellee was to institute and prosecute this action against Hammons to final judgment, and assign the judgment, when rendered, to Hudson; that Hudson was to pay the claim within the time specified, whether the judgment was procured within that time or not, and was to be the owner of whatever judgment the appellee might recover in the action, and was to save the appellee harmless from any liability for costs and attorney fees incurred in the prosecution of the action; that the appellee had or held no claim against Hammons at the time of the commencement of the action, and was not the real party in interest. It was also averred that the agreement so made was reduced to writing, and was then in the possession of the appellee.

The second paragraph of the reply to this answer was founded upon the written agreement between the appellee and Hammons, which was referred to in the answer. The essence of the agreement, a copy of which was set forth in the reply, was embraced in the following provision thereof:

" Now, therefore, it is agreed that said Flack shall employ Messrs. Duncan, Smith & Duncan to institute suit against said Hammons for the recovery of the amount due said Flack for said brick; that Messrs. Ayres & Brown, counsel for said Hudson, shall be associated in said prosecution; that said cause shall be instituted and prosecuted as speedily as it prudently can. The said Hudson is to bear all the expenses of said prosecution, including attorney's fees, and any court or other costs for which said Flack may become liable on account thereof. And if from any cause said Flack shall not be able to maintain said action, then within thirty (30) days after the determination of said suit against him, said Hudson shall pay him the full amount due him for said brick, together with his costs and attorney's fees. And if judgment shall be recovered against said Hammons, and the same has not been paid within thirty (30) days after rendition thereof by said Hammons, then, and in that event, at the expiration of said thirty (30) days, said Flack shall assign said judgment to said Hudson, who shall thereupon pay the full amount thereof, together with his costs and attorney's fees to said Flack."

It is quite clear by the provision of the agreement above set forth that Hudson did not own, or have any interest in, the claim sued upon at the time of the commencement of the action or during its pendency; nor was he to own or have any interest in the judgment that might be rendered thereon except upon the happening of a certain contingency mentioned in the agreement, which might or might not occur. By the averments in the reply, it was shown that the appellee was the real party in interest of the subject of the action, and, therefore, had the right to prosecute the same.

The appellants insist that as the action was inspired and instigated by Hudson, and prosecuted for his benefit, the common law rule or doctrine as to maintenance, which forbids and precludes the prosecutions of such an action, must be applied in this case. We do not think, in view of the fact that Hudson, as the surety of Smith, was lawfully inter-

ested in enforcing the collection of the claim sued upon out of Hammons, who had obligated himself to pay it, that the rule or doctrine contended for is applicable to this case. In Wait's Actions and Defenses, vol. 7, p. 77, it is said: " The common law doctrine as to maintenance has no application to persons who either have any real interest in the suit promoted by them, or who act in the *bona fide* belief that they have. Any interest whatever in the subject of the suit is sufficient to exempt him who gives aid to the suitor, from the charge of illegal maintenance. Whether this interest is great or small, vested or contingent, certain or uncertain, it affords a just reason to him who has such an interest, to participate in the suit of another, who also has or claims some right to the same subject." And in the case of *Board, etc.,* v. *Jameson,* 86 Ind. 154, it was said by this court: "Assuming, for the sake of the argument, and for that purpose alone, that the common-law rule prevails in all its rigor, still the case is with the appellee. We affirm this because the insurance company had an interest in the collection of Jameson's claim, and a party having any interest, direct or remote, immediate or contingent, may rightfully aid in the maintenance of the litigation. * * * Whenever there is an interest, the right to assist in maintaining the suit exists and may be exercised. * * * It would be a harsh rule that would prevent a guarantor or surety from aiding the creditor in his attempt to make the debt off of the principal debtor, and we are glad to say it has no place in our law." The demurrer to the reply was properly overruled by the court.

No error was committed in permitting the appellee to amend his complaint on the trial of the action, which amendment consisted in erasing therefrom the words " Massachusetts avenue," and inserting in lieu thereof the words " Michigan street." Evidently, the amendment was made to conform an allegation in the complaint to the proof that had been adduced. It was an immaterial variance that could not have misled the appellants to their prejudice in maintaining their

defence on the merits, and the court possessed ample power, under the code, to authorize the amendment. R. S. 1881, sections 391 and 392.

The record in this case shows that at the October term, 1881, of the court below, the appellant Hammons tendered and offered to file an additional separate answer to the complaint, consisting of six paragraphs, which was rejected by the court, except the fifth paragraph thereof, and both appellants tendered and offered to file their joint answer to the complaint, which was also rejected by the court. To these rulings of the court, which were made after the issues in the action had been formed, the appellants excepted, but no time was asked or granted to prepare and file a bill of exceptions, so as to properly reserve under the statute the question involved in the rulings of the court. The case was tried and judgment was rendered at the January term, 1882, and a motion was then made for a new trial, and written reasons in support thereof were filed. The motion for a new trial was overruled at the March term, 1882, as well as a motion in arrest of judgment, to which rulings the appellants excepted, and they were granted thirty days to prepare and file a bill of exceptions, which was afterwards filed within the time allowed for that purpose. By the bill of exceptions so filed the appellants endeavored to reserve the rulings of the court in rejecting said additional pleadings, by incorporating therein the pleadings, so rejected, and the rulings of the court in rejecting them. The question arising out of the rejection of these pleadings, which the appellants have so earnestly discussed in their brief, is not properly in the bill of exceptions, and has not been reserved in the manner required by the statute, and for that reason can not be considered by us. A bill of exceptions filed after the term, on time given upon overruling a motion for a new trial, can not embrace matters occurring before the trial, as rulings upon pleadings, or like matters. *Pitzer* v. *Indianapolis, etc., R. W. Co.,* 80 Ind. 569; *Boyce* v. *Graham,* 91 Ind. 420.

Smith *et al. v.* Flack.

The only reasons assigned for a new trial that have been discussed by the appellants in their brief are, that the finding of the court was not sustained by the evidence, and that the court erred in rejecting certain items of evidence, recited in the motion, that were offered by the appellants on the trial of the case. We can not disturb the finding on the weight of the evidence, which is conflicting and tends to sustain the finding. The evidence which was rejected was not competent under the issues that were formed and tried; it merely tended to support affirmative matters of defence that were not specially pleaded, and, therefore, no error was committed in its rejection.

All the questions presented by the appellants in support of their motion in arrest of judgment have been considered and determined by us in passing upon the ruling of the court on the demurrer to the complaint, except the one that the complaint does not state a cause of action against the appellant Smith. We think that the complaint was sufficient as to him; but if it was not sufficient the question as to its sufficiency is not properly before us for consideration. No demurrer to the complaint was filed by Smith, and he has not assigned as error that the complaint does not state facts sufficient to constitute a cause of action against him. The question is not presented by the motion in arrest of judgment, as both of the appellants joined in that motion. If the complaint was sufficient as to either of the appellants, the motion, so far as it relates to the complaint, was properly overruled.

As there is no error in the record, the judgment must be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellants.

Filed April 23, 1884.