Sprague v. Pritchard.

Filed Dec. 15, 1886.

---

No. 12,737.

## SPRAGUE v. PRITCHARD.

PLEADING.—*Motion to Strike Out.*—*Practice.* —*Supreme Court.* —*Reversible Error.*—Where a motion to strike out part of a pleading is so framed that when the pleading is copied into the transcript the part to which the motion is addressed can not be identified, it presents no question on appeal; besides, the overruling of a motion to strike out surplusage is not a reversible error.

TRIAL.—*Jurisdiction.*— *Waiver.*—Where there is no request by either party at any time for a jury, and the court orders a trial partly by a jury and partly by the court, it is too late, after a verdict and finding, to object for the first time to the trial as had.

MARRIED WOMAN.—*Attorney's Fees.* - *Lien.*—*Quære,* as to the power to

declare an encumbrance against the land of a married woman for attorney's fees for services relating to such property.

From the Marion Superior Court.

*P. W. Bartholomew*, for appellant.

*C. S. Denny*, for appellee.

MITCHELL, J.—This was a suit by James A. Pritchard to recover for professional services, alleged to have been rendered for, and at the request of, Mrs. Sprague.

The complaint is in two paragraphs. The first is an ordinary action for services rendered.

The second paragraph is a complaint to enforce a specific lien, for the same services mentioned in the first count, against certain described real estate, which it is alleged the appellant, a married woman, owned in her own right, and in securing the title to which the services were alleged to have been rendered by the appellee in the year 1880.

Issue was formed by an answer in denial. Finding and decree enforcing a specific lien for $400 against the land described, in favor of appellee.

The appellant at the proper time made a motion to strike out portions of the second paragraph of the complaint. This motion was overruled.

The written motion, which appears in the record, asks the court to strike out all that part of the second paragraph, "commencing with the beginning of line thirty and including said line" down to and including line sixty-two. As the complaint appears in the transcript, there are no lines which correspond with those above mentioned. We are, therefore, without the means of identifying the part of the complaint to which the motion was intended to apply. *City of Crawfordsville* v. *Barr*, 45 Ind. 258; *Berkshire* v. *Young*, 45 Ind. 461.

Where a motion to strike out is so framed that when it is copied into the transcript, that part of the pleading to

which it was intended to apply can not be identified, manifestly it presents no question for consideration here; besides, " This court has never reversed a judgment because of the refusal of the lower court to strike out of a pleading immaterial matter or surplusage." *Gill* v. *State, ex rel.,* 72 Ind. 266.

At the proper time the court directed a jury to be called to try the issue joined on the first paragraph of the complaint. The court, at the same time, announced that the issue on the second paragraph would be tried by the court, with the advice of the jury, by way of interrogatories and answers thereafter to be submitted. The trial was proceeded with, without objection, until after the jury returned a general verdict upon the first paragraph, and answers to interrogatories relating to the second. The appellant then objected to the jurisdiction of the court and moved for a *venire de novo.*

As there was no request made by either party at any time for a jury, and no objection to the trial as ordered by the court, until after a verdict and finding against the appellant, the record presents no question for consideration in that regard.

It is said the court proceeded upon the authority of *Major* v. *Symmes,* 19 Ind. 117, *Sharpe* v. *Clifford,* 44 Ind. 346, and kindred cases, to try the cause, as one of equitable cognizance, so far as the second paragraph of the complaint was concerned, and to enforce a lien for the value of appellee's professional services against the land described.

If any question had been properly made, in respect to the regularity of the proceeding, or in regard to the power of the court to declare an encumbrance against the land of a married woman for attorney's fees, it might have become necessary for this court to determine whether the authorities relied on were applicable under the statute relating to married women, which was in force when the services were rendered. It might have been a question too, whether the later

decisions on the subject involved have not impaired the authority of the cases apparently relied on.    *Pierce* v. *Osman,* 79 Ind. 259.

The record, however, presents no question and the judgment is, therefore, affirmed with costs.

Filed Dec. 15, 1886.