## Jarman, &c. *vs* Wilkerson.

ERROR TO THE MORGAN CIRCUIT.

*Femes covert.    Appointment.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

CHANCERY.

*Case 80.*

*June 11.*

How far the engagements of a *feme covert* for the payment of money not expressly charging or referring to her separate estate, should be regarded in equity as an appointment or charge upon such estate, has not, as we believe, been expressly decided in this Court.

The modern doctrine of the British Chancery seems to be, that as an incident to the power of separate enjoyment as recognised in equity, the *feme* has the power of charging her separate estate, (3 *Maddock's Chy. Rep.*934; *Ibid*, 201,) but that without a charge on her part, either express or implied, it cannot be reached.   In *Hulme* vs *Tenant*, (1 *Bro. C. C.* 20,) it was held that when a wife joins with her husband in a security, it is an implied execution of her power to charge her separate estate. And in *Stewart and wife*, vs *Kerkerwell, &c.*, (3 *Maddock's Chy. Rep.* 387–8,) the Vice Chancellor said, "this Court will consider a security executed by her as an appointment *pro tanto*," &c., and the separate estate, was subjected to the payment of a bill of exchange drawn by the *feme covert*.

A *feme covert* entitled to a separate estate executed a note as the surety of her son. Held that it was *pro tanto* a charge upon her separate estate in the hands of her trustee, which might be subjected by the Chancellor.

Assuming this to be the true equitable doctrine, it follows that the execution of a promissory note by Mrs. Jarman, as the surety of her son, was impliedly so far an execution of her power over her separate estate in the slaves held by her trustee for her sole and separate use, and should be considered as an appointment *pro tanto*. For it cannot be admitted that her declaration, "that she

JARMAN, &c.
vs
WILKERSON.

would not pay the note, and that her estate should not go to pay it," made to her son at the time of signing it, can have the effect of counteracting the plain tenor of the note, or the equitable implication arising from it. We doubt whether a declaration so inconsistent with the act itself, should have such an effect, even if made in the presence of the payee, but being made in his absence, and not communicated to him, it is clearly of no avail. The son, though he received the note from his creditor for the purpose of getting his mother's signature, addressed her on his own account, and neither presented himself, nor was regarded by her as the agent of the creditor. Nor was that his real character. It would be grossly inequitable towards the creditor, to deprive him of his security, on the ground of this secret conversation between the mother and her son.

But if the doctrine of the cases above referred to be not received as authoritative to the full extent, still we are inclined to the opinion, that as a judgment has been rendered on the note against both the parties, and an execution thereon has been returned "no property found," the case comes under our statutes authorizing the subjection of equitable interests to the satisfaction of judgments upon such a return being made on the execution. The coverture of Mrs. Jarman not having been relied on at law, either to prevent or reverse the judgment against her, it cannot be regarded in this proceeding as being void. And no reason being shown for not having relied upon the coverture at law, and no equity being in fact made out against the judgment, we think the Court of Equity has the same power of enforcing it against the equitable interest of either defendant, as if the coverture did not exist.

Where a *feme covert*, owner of a separate estate, signed a note as surety for her son, was sued and permitted judgment to be entered against her, without relying upon her coverture, execution issued thereon upon which there was a return of "no property found." Held that her separate estate might be subjected to its payment by the Chancellor.

Wherefore, the decree is affirmed.

*Caperton* for plaintiffs; *Turner* for defendant.