## STATE *versus* PHILBRICK.

An indictment must allege all the material facts, necessary to be proved, to procure a conviction.

Thus, an indictment for obtaining property by false pretences, is defective unless it set forth the sale or exchange, and that the false pretences were made with a view to effect such a sale or exchange, and that by reason thereof, the party was induced to part with his property.

THIS was an indictment which alleged that the defendant, on the first day of January, 1850, intending unlawfully and fraudulently, and by false pretences, to cheat and defraud one Samuel W. Goff, of a certain horse, the property of said Samuel W. Goff, did falsely, knowingly and designedly pretend to the said Samuel W. Goff, that a certain mare, the property of said Benjamin P. Philbrick, which he, the said Benjamin P. Philbrick, proposed to exchange for the horse aforesaid of Samuel W. Goff, was only thirteen years old; that the said Benjamin P. Philbrick had purchased said mare in the fall of 1849, of one Williams or Williamson, for a yoke of two-year old steers and twenty-five dollars, and in order to induce said Samuel W. Goff to exchange his said horse for the mare aforesaid, that he, said Philbrick, would remain in said Sidney, until the next morning, at the house of one William Gardiner, so that said Samuel W. Goff might rescind the bargain. Whereas, in truth and in fact, the said mare was more than twenty years old, and said Benjamin P. Philbrick did not purchase said mare of one Williams or Williamson, as he had represented, nor did said Benjamin P. Philbrick intend to remain in said Sidney, during the night, at the house of one William Gardiner, in order that said Samuel W. Goff might rescind the bargain, provided he should make the exchange aforesaid. And the jurors aforesaid, upon their oaths aforesaid, do further present, that the said Benjamin P. Philbrick by the false pretences aforesaid, did then and there knowingly and designedly obtain from the said Samuel W. Goff, one horse of the value of fifty dollars, with intent then and there to cheat and defraud the said Samuel W. Goff of the same.

The case, on the part of the government was, that the defendant proposed to exchange his mare for the horse of said Goff, and to obtain said horse by exchange, made said representations, and thereby induced Goff to exchange his horse for said mare.

The defendant objected to the sufficiency of the indictment : —

1. That said bargain and exchange is not sufficiently set forth.

2. It does not allege and charge that said Philbrick obtained the horse of said Goff, as to which the false pretences are alleged to have been made.

3. It does not allege and charge, that there was an exchange of horses between said Philbrick and Goff, nor that said Philbrick obtained said Goff's said horse, in exchange for his said mare.

The Judge instructed the jury that the indictment was good and sufficient, and that, if they were satisfied said representations were made to induce the said Goff to exchange his horse for defendant's said mare, and by said representations said Goff was induced to make said exchange, the verdict should be against the defendant.

*Bradbury & Morrill*, for the defendant.

*Vose*, for the State.

SHEPLEY, C. J. — The bill of exceptions in this case was probably hastily drawn and allowed. It states, that the case was " that the defendant proposed to exchange his mare for the horse of said Goff, and to obtain said horse by exchange, made said representations, and that thereby said defendant induced said Goff to exchange his said horse for his said mare." The instructions to the jury are stated to have been " that if they were satisfied, said representations were made to induce the said Goff to exchange his horse for defendant's said mare, and by said representations said Goff was induced to make said exchange, the verdict should be against the defendant."

The proof as stated does not show, nor do the instructions require, that the jury should find, that the representations were false, or that the horse was obtained by false representations or pretences.

In the case of the *Commonwealth* v. *Strain*, 10 Metc. 521, the court upon examination of the decided cases came to the conclusion, "that the sale or exchange ought to be set forth in the indictment, and that the false pretences should be alleged to have been made with a view to effect such sale or exchange, and that by reason thereof the party was induced to buy or exchange, as the case may be."

The indictment should allege all the material facts necessary to be proved to procure a conviction. *The People* .v. .*Gates*, 13 Wend. 311.

The former part of this indictment alleges, that the accused by false pretences intended to cheat and defraud Samuel W. Goff, and proposed an exchange of his mare for the horse of Goff; but there is no averment, that such an exchange was made, or that the false pretences were made with a view or design to effect such an exchange.

The indictment does allege, that by the false pretences aforesaid, the accused did then and there knowingly and designedly obtain one horse of the value of fifty dollars from said Goff, but it does not contain an allegation, that by reason of such false pretences, Goff was induced to exchange his horse for the mare of the accused. The indictment is therefore insufficient.

*Exceptions sustained, verdict set aside*
*and indictment quashed.*