Judge SrarsoN
delivered the opinion of the Court.
The fact that the note for $136 69, which was executed by Esther Turner to Phirl and Jennings, bears the same date of the mortgage which was executed by her and husband to the same parties, would seem to leave no room for doubt that its payment was to be secured by the mortgage. It is not reasonable to suppose that this debt, which then existed, and a note for which was given at the same time the mortgage was executed, was not intended to be embraced by it. The mortgage is unskilfully drawn, and fails to state the real object of the parties, but it secures the payment of a sum more than sufficient to cover this note and the debt to Dedman, and we entertain no doubt that it was to be secured by it. But the mortgage does not purport to have been made for the purpose of securing the payment of any debt which might be subsequently created, and its operation cannot therefore be extended so as to embrace debts of that description.
We do not however consider the legal effect of the mortgage of much consequence in these cases. The deed of trust executed in 1842, byMizener to Walker, vested Esther Turner with a separate estate in the property therein conveyed. The deed was entered of record, and Esther Turner has dealt with the property, and created debts upon the credit of it, as if she had been an unmarried woman. So far as existing creditors are concerned her husband is not in an attitude to impeach that deed. Instead of adopting the proper course to have it vacated and set aside, if he had a right to do so, he has not only permitted it to remain on the record unimpeached, but he has also permitted his wife to trade for herself, and to deal with the property as if she were un married. He cannot, under these circumstances, be permitted, in opposition to the claims of her creditors, to assert an equity to the property, and to con *376 trovert her right to charge it with the'payment of her debts, which have been contracted on the faith of its liability.
2. Courts of equity will subject the separate property of a feme covert to the debts which she may create, and the execution of notes is sufficient evidence of her intention to charge her separate estate with payment of the debts for which she executes hei notes. (7 B. Mon., 293; 13 lb., 384.)
3. A separate estate in a married woman con fers upon her the power to deal with it as a feme sole. The right which she acquires in property under the operation of the statute to protect the rights of married women confers no such power. (12 B. Man., 329.) The two estates are different. The one can be rendered liable for debts by the separate act of of the wife; the other only in the way designated by the statute.
The deed creates a separate estate in the wife.— She had a right to incur liabilities, and to charge her separate estate witb them, as if she had been an unmarried woman, and a court of equity will enforce the charge, and subject the estate to the payment of her debts. The execution of notes by her is deemed a sufficient indication of an intention, on her part, to charge her separate estate for the payment of the debts for which the notes was executed. (Jarman vs. Wilkerson, 7 B. Monroe, 293; Bell & Terry vs. Kellar, 13 B. Monroe, 384.)
A separate estate in a married woman confers on her a power to deal witb it as a feme sole. The right she acquires to property, under the operation of the statute to protect the rights of married women, confers on her no such power. (Johnson and wife vs. Jones, 12 B. Monroe, 329.) The two estates are entirely different. One of them can be rendered liable for the payment of debts by the separate act of the wife, the other only in the mode pointed out by the statute.
The judgment of the court below is erroneous in all the cases. It is evident, from the testimony, that there is a considerable sum due, after allowing all the credits to which Esther Turner is entitled. The amount due should have been ascertained by a commissioner, and the separate estate subjected to its payment. The payment of the debts for which the small judgments were recovered, that were injoined by Turner and wife, was positively denied, and if the debts were paid, as alleged, it was a good legal defense, and should have been relied upon in the trial at law. Payment in full is a legal and not an equitable defense.
Wherefore the judgments are reversed, and cause remanded for further proceedings consistent with this opinion.