## JOHN HORAN v. THE STATE.

The certainty prescribed for an indictment by the Code, does not require so minute a description of the offence, as to entirely supersede proof of its identity, when the judgment is pleaded in bar to a second indictment.

The Code has not introduced a new rule upon this subject.

A "house for retailing spiritous liquors," is not used in the Code as a generic term, but to indicate one of the species of houses in which gaming is prohibited.

An indictment is sufficiently certain, if all the ingredients of the offence be as amply set out, as it is necessary to prove them; facts and incidents which do not constitute a necessary part of the offence, need not be stated for the purpose of distinguishing it, but they may be proved by the defendant, so as to fix its identity, and thereby protect himself from a second prosecution.

APPEAL from Travis. Tried below before the Hon. Alexander W. Terrell.

The appellant was indicted and convicted for permitting a game with cards to be played in his house. The only question in the case was, as to the sufficiency of the indictment in point of certainty.

*Hamilton & Sublett*, for the appellant.

*Attorney-General*, for the appellee.

ROBERTS, J.—The indictment charges, that the defendant "did permit a game with cards to be played in his house, said house then and there being situate in the county aforesaid, and kept by the said Horan for retailing spiritous liquors."

It is contended, that this description is not sufficiently certain to identify either the particular game that was played, or the house in which it was played. The rule of certainty required by the Code, is, "such as will enable the accused to plead the judgment that may be given upon it, in bar of any prosecution for the same offence." (Art. 398.) This is not a new rule. It is not designed, that the description of the game, its character,

and the persons engaged in it, or of the place, or of the time, should be so minute in detail, as to entirely supersede the proof of identity, when the judgment is pleaded in bar of the same offence. Such a degree of certainty would often be impracticable, and has never been, in the enforcement of this rule at common law, required, in the higher grades of offences. There must be such certainty only, as the subject is reasonably capable of, considering the nature of the offence, and character of proof necessary to sustain it.

This indictment contains a sufficiently certain description of the game, because it is not necessary to state or prove what the game was called, or what particular persons were engaged in it. So also of the place, because it specifies it as one of the places named in the code, to wit, a "house for retailing spiritous liquors." Nor is it used in the statute as a generic term. It is used to indicate one of the species of public houses, in which gaming is prohibited. (Art. 409.) It contains, then, all the ingredients of the offence, as amply as it is necessary to prove them. "It is not necessary to state in an indictment, anything which it is not necessary to prove." (Art. 396, Code of Crim. Pro.) The effect of requiring any greater certainty, would be to require some fact, incident, or circumstance, in connexion with the particular transaction to be set out, for the purpose of distinguishing it, which does not constitute any necessary part of the offence. For instance, if there should be two indictments against A., for assaults on B., each indictment should embrace some particular incident connected with such transaction, (though not a necessary ingredient in the offence,) so as to distinguish each from the other. And as it is always possible, that A. may be indicted a second time for the same assault on B., even though he had been tried and acquitted, or convicted on one indictment, to enable him to plead the judgment in bar of such possible second indictment, it would be necessary to set out in the first indictment that might be found, some extraneous distinguishing incident, which might happen to be in connexion with the transaction. And as it could never be known beforehand, that such

second indictment would not be found for the same offence, it would follow that such extraneous incident should be stated in every indictment, in the first instance, so that if a second one should be found, the defendant could protect himself by pleading the first.

Such extraneous incidents, connected with the transaction, may always be proved by the defendant, so as to fix its identity, and thereby protect himself from a second prosecution. Such has always been the practice under the rule now invoked. That is one of the means of defence possessed by defendant. He cannot require the State to do more than state, with reasonable certainty, the facts, and those only, which constitute the offence charged. This it does; and in doing so, not only defeats the objection of a want of certainty, but also the objection taken, that it is not such an indictment, as is in conformity to the requirements of the constitution.

There is no error in the charge of the court, or in any other branch of the case, that requires comment. The judgment is affirmed.

Judgment affirmed.