Johnson, J.
The plaintiff in error was indicted, convicted, and sentenced under section 7 of “an act for the prevention of gaming.” 1 S. & C. 664.
That section provides: “ That if any person shall play at any game whatsoever, for any sum of money, or other property of any value, . . . every such person shall,” etc., “ on conviction thereof, be fined,” etc. This indictment charges (omitting formal parts), that-the plaintiff in error “ did unlawfully play at a certain game called ‘ poker,’ for a large sum of money, to wit, for the sum of two dollars, by means of a certain gaming device, to wit, a pack of cards,” etc.
A motion to quash, on the ground that the indictment was defective, in not stating the names of the person or *172 persons with whom the game was played, was overruled, .and an exception was taken.
The same question was then raised by demurrer, and again during the trial.
We have already had occasion to consider the question here involved, Carper v. The State, 27 Ohio St. 272. Although that case was determined chiefly on other grounds, yet what was there said touching the sufficiency of such an indictment is now re-affirmed. Numerous authorities may be cited in support of this conclusion. The State v. Prescott, 83 N. H. 212; Coggins v. The State, 7 Porter (Ala.), 263; Huffman’s case, 6 Rand. 685; McGuffey v. The State, 4 Texas, 156; The State v. Ake, 9 Texas, 332; Haran v. The State, 24 Texas, 161; The State v. McBride, 8 Humphreys, 66; Hulsted v. Com., 5 Leigh, 724.
Some of these cases, as well as the cases cited by the plaintiffs in error, turn upon the wording of the statutes of the different states.
On this point it has been well said, the decisions in the ■different states are, by no means, harmonious, nor do they all proceed upon just principles. 2 Bishop’s Crim. Proced. § 497.
Counsel rely on Davis v. The State, 7 Ohio (pt. 1), 204, and Buck v. The State, 1 Ohio St. 61.
In Davis v. The State, it was held, that to constitute a good indictment, under the ninth section of this statute, for suffering gaming by others, in a house or building in possession of the defendant, it must state the names of the persons who were suffered to play.
In Buck v. The State, the same rule was applied to the first section of the act of 1846, for permitting gambling in defendant’s house or building, and Davis v. The State was followed.
To constitute an indictable offense, under either of these statutes, two different acts must be charged and proved:
1. That some third parties were guilty of violating the provisions against gambling.
*173 2. That the party charged was guilty of suffering or permitting such unlawful act in his building named.
These two essential elements were involved in the offenses charged in Davis v. The State, and in Buck v. The State. Good pleading would therefore require that in such cases the indictment should advise the accused of the names of the-persons whom lie suffered or permitted to gamble on his premises, in order that a completed offense be charged.
Under the 7th section, the offense consists of the single act of playing with a gaming device for money. This act is a completed offense.
This indictment contains a plain and unmistakeable-charge that defendant violated this section. It is couched in the words of this statute. No substantial right of the-accused is prejudiced. The indictment is in the form in-common use (Warren’s Grim. Law, 630), and clearly describes the act constituting the offense.
Butler v. The State, 5 Blackford, 280, and The State v. Irvin, 5 Blackford, 343, relied on by plaintiffs, rest upon the authority of Davis v. The State, which we have shown is under a different section of our statute.

Judgment affirmed.