C. F. WHITE v. THE STATE.

1. INDICTMENT — CERTAINTY. — Though generally sufficient to describe an offense in the language of the act creating it, there are cases in which more particularity is requisite, either from the obvious intention of the Legislature, or from the application of known principles of law.

2. SAME. — When a written instrument enters into an offense as a part or basis thereof, or when its proper construction is material, the instrument should, as a general rule, be set out in the indictment.

3. SWINDLING BY FALSE PRETENSE. — An indictment for swindling by false pretense should positively and clearly aver that it was by means of the alleged false pretense the swindle was effected.

4. SAME. — Indictment alleged that one D. was indebted to the city of G. for occupation tax, and charged that the accused falsely pretended to him that he was authorized to collect the occupation taxes due the city, etc. *Held*, that the indictment should have alleged the occupation on account of which D. owed the tax.

5. SAME. — The indictment further failed to allege that the money obtained by the accused from D. was for the tax which the former pretended to have authority to collect, and which the latter was indebted to the city. *Held*, an omission fatal to the indictment. See the opinion *in extenso* for the averments necessary in indictments of this nature.

APPEAL from the Criminal District Court of the county of Galveston. Tried below before the Hon. G. COOK.

The opinion of the court fully discloses all material features of the case.

*Price & Wilson*, for the appellant.

*George McCormick*, Assistant Attorney General, and *Frank M. Spencer*, District Attorney, for the State.

White, J.    The appellant in this case was indicted, tried, and convicted, under article 2426 of Paschal's Digest, for swindling one George Dirmeyer.    To a proper appreciation of the view we have taken of the case we deem it not inappropriate to copy in full the charging portion of the indictment, which is in these words, viz. : " That Charles F. White, late of the county aforesaid, on the seventh day of the month of February, in the year of our Lord one thousand eight hundred and seventy-seven, in the said county of Galveston in the state of Texas, with force and arms, then and there devising and intending to cheat, defraud, and swindle George Dirmeyer of his personal property and money, then and there, unlawfully, knowingly, designedly, and feloniously then and there did falsely pretend and fraudulently represent to George Dirmeyer (he, the said George Dirmeyer, then and there being indebted to the city of Galveston for occupation tax) that he, the said Charles F. White, had legal power and authority to demand and collect the occupation tax for the city of Galveston, county aforesaid, and that he, the said Charles F. White, did then and there unlawfully, knowingly, and feloniously further falsely pretend and fraudulently represent that a certain paper in print and writing, then and there produced and delivered to said George Dirmeyer, purporting to be a license, was a good and genuine license issued and signed by the proper authorities of the said city, authorizing said George Dirmeyer a bar and billiard-saloon in one establishment in said city from the first day of May, A. D. 1876, to the 31st day of December, eighteen hundred and seventy-six, whereas, in truth and in fact, he, the said Charles F. White, had no

power or authority to demand or collect the occupation tax
for the city of Galveston ; and whereas, in truth and in fact,
the said paper in print and writing was not good and genuine,
and duly issued by the proper authorities of the city of
Galveston; all of which false pretenses and fraudulent
representations he, the said Charles F. White, well knew
to be false, and then and there by color and means of which
said pretenses and fraudulent representations, the said
George Dirmeyer believing them to be true and being de-
ceived thereby, he, the said Charles F. White, then and there
unlawfully, knowingly, designedly, and feloniously did obtain
and acquire from said George Dirmeyer one hundred and
seventy-five dollars. '' Then, after setting out the descrip-
tion and value and ownership of the different bills and
denomination of money thus obtained, the indictment con-
cludes as follows, viz. : '' With the intent then and there to
appropriate the same to the use of him, the said Charles F.
White, contrary, '' etc.

Our statute provides that '' the certainty required in an
indictment is such as will enable the accused to plead the
judgment that may be given upon it in bar of any prosecu-
tion for the same offense. '' Pasc. Dig., art. 2865.

'' As a general rule it is sufficiently certain to describe an
offense in an indictment in the language of the act creating
the offense ; but there are cases where more particularity is
required, either from the obvious intention of the Legislature
or from the application of known principles of law. *Moffatt
v. The State*, 6 English (Ark.), 164 ; *The People* v. *Taylor*,
3 Denio, 91 ; *The Commonwealth* v. *Stout*, 7 B. Mon. 294 ;
*The Commonwealth* v. *Cook*, 13 B. Mon. 149.'' *Portwood
v. The State*, 29 Texas, 47.

'' Certainty is as to the matter to be charged and the man-
ner of charging it. The things necessary to the description
of the crime must be stated. As to the matter charged,
whatever circumstances are necessary to constitute the crime

imputed must be set out. It is otherwise when the crime alleged is such independently of the circumstances; for then they may aggravate, but cannot constitute, the offense. As to the manner of making the averments, in all cases those which are descriptions of the crime must be introduced upon the record by averments, in opposition to argument or inference." 2 Archb. Cr. Law, 40, 47; 1 Chitty's Cr. Law, 281, 288; *Rex* v. *Horne*, Cowp. 682; *Bush* v. *The Republic*, 1 Texas, 160; *Horan* v. *The State*, 24 Texas, 162; *Alexander* v. *The State*, 29 Texas, 495.

In a word, "the facts constituting the offense must be averred directly, forcibly, and with certainty, and not by way of inference and argument." 1 Texas, 455; 1 Dutch. 384; *The State* v. *Powell*, 28 Texas, 626. In treating of the sufficiency of pleading in charging a party with "obtaining goods under false pretenses," where the rules are the same as under our statute for swindling, Mr. Bishop says, "the leading doctrine is that the indictment must state the particular pretense clearly, and with certainty and precision." 2 Bishop's Cr. Proc., 2d ed., sec. 166.

This learned author further says: "If the indictment sets out more pretenses than one, and a part of these pretenses are not sufficiently negatived, while others of them are, then, if those which are negatived cover all the requirements of the law, the rest may be rejected as surplusage, and the indictment will be held good." 2 Bishop's Cr. Proc., 2d ed., sec. 169. Again: "The indictment need not set forth all the pretenses which were actually used. It is sufficient if it alleges so much of them as may be necessary to constitute the statutory offense." 2 Bishop's Cr. Proc., 2d ed., sec. 170. And the proof need not cover all; if it establishes so much or so many of the false pretenses as constitute an offense, this is sufficient. 2 Bishop's Cr. Proc., 2d ed., sec. 171. See, also, Whart. Cr. Law, 6th ed., secs. 2153, 2158.

Now, let us apply these well-settled rules to the indictment in this case as above set out, and see whether it is sufficiently certain in its averments in charging the offense of swindling.   It is insisted by appellant's counsel, in their able brief, that the first ground in their motion to quash the indictment was well taken, the substance of which is that the alleged license, or "paper in print and in writing," should have been set out *in hæc verba*.   We are inclined to believe that, where a written instrument enters into the offense as a part or basis thereof, the better practice would be to set it out *in extenso*.   In some of the decisions this has been held absolutely essential, as in the case of *The State* v. *Green*, 7 Wis. 676, where the defendant was charged with obtaining money by means of a certain draft for money which he falsely claimed to have upon deposit.   The court say:   "His draft was the decisive inducement, the material representation, the real false pretense that caused them to part with their property, and, constituting the substantive part of the offense, should have been set forth in the indictment."   The general rule seems to be that, where something turned on the proper construction of the paper, then the instrument has been required to be set out.   *Rex* v. *Coulson*, 1 Eng. Law Rep. 552 ; 2 Whart. Cr. Law, 6th ed., sec. 2152..

But, if a description of the written instrument, as to its tenor and effect, would answer the purpose, then we think the description given in the indictment in this case, in setting out the pretended license, is insufficient in not alleging that the said license purported to authorize George Dirmeyer to "keep" or "carry on" a bar and billiard-saloon. The word *keep*, *carry on*, or other equivalent word, is omitted—the averment being, "authorizing said George Dirmeyer a bar and billiard-saloon in one establishment in said city," etc.   We are left to infer that he was authorized

thereby to keep the bar and saloon, or to carry on the occupation of a bar and billiard-saloon keeper.

Again : The indictment does not allege positively and affirmatively, but only inferentially, that the money paid by George Dirmeyer to defendant was paid as his occupation tax, or in order to obtain the license authorizing him to pursue it ; nor does it allege that the pretended license was the consideration received by Dirmeyer for which he paid the money. Mr. Wharton says : "It must be clear that it was by means of the pretenses averred in the indictment that the property was obtained." 2 Whart. Cr. Law, sec. 2128.

In *Johnson* v. *The State*, 11 Ind. 481, the court say : "The pretense alleged is that Johnson presented and offered to one William H. Nicholson some of Hamer's checks, calling for, in the aggregate, seventeen dollars, and represented to him that they were good and of such value, etc., and by means of such pretense obtained a set of harness. It is nowhere averred that the checks were delivered to Nicholson, or that they were received by him in payment of the harness. It seems to us that in a case like the present there should have been such an averment ; " citing Lewis' U. S. Cr. Law, 674. And the same doctrine was laid down in *The State* v. *Orvis*, 13 Ind. 569, where it was held that, "in an indictment for obtaining goods by false pretenses, it must appear that the goods were obtained by means of the false pretenses."

So, also, in the case of *The State* v. *Philbrick*, 31 Me. 401, it was held that "an indictment for obtaining property by false pretenses is defective unless it set forth the sale or exchange, and that the false pretenses were made with a view to effect such a sale or exchange, and that by reason thereof the party was induced to part with his property."

But the learned counsel for the state contends that all

those averments in the indictment, with regard to the paper or license, may be considered and treated as surplusage, and that, if they are, as it is contended may be done, expunged entirely from the indictment, then the re-remaining allegations would sufficiently charge the offense. We do not think so. Some of the objections already noticed would still be good as to its sufficiency and certainty. In addition to those objections, we think the indictment is further insufficient in not setting out the occupation George Dirmeyer had pursued or was desirous of pursuing, for which he was or would be indebted to the city of Galveston by way of occupation tax.

But one of the most patent, and, in our opinion, one of the most fatal, objections to the indictment, whether considered as a whole or when the license is eliminated, as is contended it may be by the state's counsel, is the failure to allege that the $175 acquired and obtained by White was for the occupation tax which White pretended to have authority to collect, and which George Dirmeyer owed to the city of Galveston. 2 Bishop's Cr. Proc., 2d ed., sec. 176; 2 Whart. Cr. Law, 6th ed., sec. 2149.

For the reasons above presented and discussed we are of opinion that the indictment in this case is fatally defective, and that, therefore, the judgment of the lower court should be reversed and the case dismissed.

*Reversed and dismissed.*