## CONRAD ALBRECHT *v.* THE STATE.

1. CONSTRUCTION OF STATUTES. — When a statute is capable of two construc-tions equally reasonable, that should be adopted which effects the intention of the law-making power in the enactment of the statute, unless such a construction contravenes some other potent provision of law.

2. SAME. — In the construction of statutes, the intention will frequently control the express language of the act.

3. THE SUNDAY LAW. — Art. 186 of the Penal Code was intended to prevent barter and sale of merchandise on Sunday, and each act of barter and sale is an offence for which an independent prosecution will lie.

4. INDICTMENT. — It is not necessary that an indictment should describe the offence charged with such particularity as to entirely dispense with proof of its identity when the judgment is pleaded in bar of a subsequent prosecution.

APPEAL from the Criminal District Court of Harris. Tried below before the Hon. G. Cook.

The indictment charged that the defendant, being a trader, etc., "unlawfully and wilfully did barter and sell, to divers persons to the grand jury unknown, beer on Sunday, the twenty-eighth day of September, A. D. 1879," etc.

The defendant excepted to the indictment generally, as not charging an offence, and especially as not being sufficiently certain and specific to require him to answer thereto. His exceptions were overruled. There is no occasion for a statement of facts.

*Charles Stewart*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. The obvious intention of the Legislature, as manifested in art. 186 of the Penal Code, was to prevent altogether the barter and sale of merchandise on Sunday, and to prohibit all merchants, grocers, dealers in wares or merchandise, or traders in any lawful business whatever, from desecrating the Sabbath, and distracting with their avocations the peace and quiet of other portions of the community, who might desire, from religious or other considerations, to devote the day to the worship of God, and to entire rest from their daily employments. This purpose, so manifest, cannot be disregarded in the search for a proper

rule for construction, but must be given effect to, unless qualified or restricted by some potent provision of law rendering a contrary construction imperative. If a reasonable construction of the language would tend to effectuate this purpose, and another construction equally as reasonable would have a contrary tendency, under well-established canons of construction courts should not hesitate in choosing the former to the exclusion of the latter. Intention frequently controls express language in the construction of a statute. *Walker* v. *The State*, 7 Texas Ct. App. 245.

If, in the adoption of this article, it was the intention of the Legislature to prohibit simply the opening of stores, saloons, and other similar establishments on Sunday, it is reasonable to suppose that exact language to that effect would have been employed, especially in view of the fact that the statutes of many of our sister States, upon the same subject, denounce a penalty only for opening or keeping open such establishments on the Lord's Day, and not for sales made after opening. And if that was the act aimed at, in view of other legislation found in the Code it is more than likely that the law-making power would have provided that each Sunday an establishment was kept open should constitute one offence, as is the case with offensive trades, practising medicine unlawfully, and entrapping fish with seines, nets, etc., in certain seasons. Penal Code, arts. 389, 397, 424. The statute prohibits selling or bartering on Sunday, and each act of sale or barter is in itself an offence, as much so as any other act made penal by law ; and for each act of sale or barter an independent prosecution will lie, and the court below did not err in so holding.

The indictment is deemed sufficient. Since the decision in *Horan* v. *The State*, 24 Texas, 161, it has not been deemed an absolute requisite that the indictment should describe the offence charged with such particularity as to entirely supersede proof of its identity when the judgment is pleaded in bar to a second prosecution. As said in

that case, "such a degree of certainty would often be impracticable, and has never been, in the enforcement of this rule at common law, required in the higher grades of offences."

*Affirmed.*